**CITY OF NEW YORK, as Owner of the Brooklyn Bridge, Libelant-Appellee,**

v.

**McALLISTER BROTHERS, INC., Respondent-Appellant,**

and

**United States of America, Respondent-Impleaded-Appellee.**

No. 320, Docket 25843.

United States Court of Appeals Second Circuit.

Argued May 5, 1960.

Decided May 17, 1960.

Eugene J. Keefe, New York City (Seymour B. Quel, Charles H. Tenney, New York City, on the brief), for libelant-appellee.

Christopher E. Heckman, New York City (Foley & Martin, New York City, on the brief), for respondent-appellant.

Capt. Morris G. Duchin, USN, Special Atty., Admiralty and Shipping Section, Dept. of Justice, New York City (George Cochran Doub, Asst. Atty. Gen., Washington, D. C.; S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City; Samuel D. Slade, Chief, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C.; Benjamin H. Berman, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, New York City, on the brief), for respondent-impleaded-appellee.

Before LUMBARD, Chief Judge, MEDINA, Circuit Judge and JAMESON, District Judge.*

LUMBARD, Chief Judge.

McAllister Brothers, Inc., respondent in a libel in admiralty brought by the City of New York, appeals from an order of the district court dismissing its petition to implead the United States because it failed to serve the petition upon the government "forthwith," as required by § 2 of the Suits in Admiralty Act, 46

U.S.C.A. § 742. The libel was filed by the City on December 18, 1958, to recover for damages to the Brooklyn Bridge allegedly caused by McAllister's negligence in towing a floating derrick belonging to the Navy up the East River without lowering the boom sufficiently to provide clearance under the Bridge. On February 25, 1959, McAllister filed its answer and simultaneously filed a petition to implead the United States, alleging that any damage to the bridge was the fault of the derrick's owner. A copy of the impleading petition was not served upon the United States Attorney until April 27, 1959, nor a copy mailed to the Attorney General until April 29, 1959. Upon motion of the United States the trial court dismissed the impleading petition. D.C.S.D.N.Y.1959, 177 F.Supp. 679. McAllister brought this appeal under 28 U.S.C. § 1292(a) (3). We affirm the order.

The Suits in Admiralty Act, which governs this suit in its procedural aspects, describes in § 2 the manner and district in which a libel against the United States shall be commenced and states that "the libelant shall forthwith serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States." Appellant argues first that the requirements of § 2 apply only to original libels and not to impleading petitions, and second, that since service was made upon the United States before the running of the statute of limitations, it was service "forthwith."

■ Although § 2 does not refer specifically to impleading petitions, it is clear that the manner of service there prescribed was intended to apply to all suits in admiralty against the government, whether by original libel or by impleading petition. Section 1 of the Public Vessels Act, 46 U.S.C.A. § 781, which waives the sovereign immunity of the United States to suit for damage caused by a public vessel, makes direct refer-

* Sitting by designation.

ence to "petition[s] impleading the United States" as well as to "libel[s]." Since the bringing of suit under the Public Vessels Act is governed by the procedures of the Suits in Admiralty Act, Congress must have intended these procedures to apply to petitions impleading the government. No other statute exists to govern in such circumstance. Moreover, we know of no reason why Congress might wish different procedures to control when the United States is brought in by impleading petition from those applied when the original libel is against the United States.

■■■ Appellant's second contention is equally insubstantial. Service upon the United States Attorney and upon the Attorney General more than two months after the filing of the impleading petition was not service "forthwith." "Forthwith" means immediately, without delay, or as soon as the object may be accomplished by reasonable exertion. The Supreme Court has said of the word that "in matters of practice and pleading it is usually construed, and sometimes defined by rule of court, as within twenty-four hours." Dickerman v. Northern Trust Co., 1900, 176 U.S. 181, 193, 20 S.Ct. 311, 315, 44 L.Ed. 423. Even were we to interpret the statute as granting more latitude than the Dickerman case suggests, a two month delay would surely not be compliance. Appellant's suggestion that we construe the word to require only that service be made within the time permitted by the statute of limitations for bringing such actions would read "forthwith" entirely out of the statute. Were this the meaning that Congress intended, it would have had no difficulty expressing it.

Our interpretation of the statute is in conformity with that of the other courts which have had occasion to pass upon it. Glover v. United States, D.C.S.D.N.Y. 1952, 109 F.Supp. 701; Marich v. United States, D.C.N.D.Cal.1949, 84 F.Supp. 829; California Casualty & Indemnity Exchange v. United States, D.C.S.D.Cal. 1947, 74 F.Supp. 404. We have also our-

selves stated in analogous circumstances that technical requirements for service of process upon the government, when it has waived its sovereign immunity, must be strictly complied with. Messenger v. United States, 2 Cir., 1956, 231 F.2d 328; see also McMahon v. United States, 1951, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26.

Appellant's claim that, if the impleading petition is dismissed, the libel of the City against appellant must also be dismissed requires no discussion.

Affirmed.