Russell OWENS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 74–3124.

United States Court of Appeals, Ninth Circuit.

Sept. 14, 1976.

Rehearing Denied Oct. 7, 1976.

Jack Tenner (argued), of Olney, Levy, Kaplan & Tenner, Los Angeles, Cal., for plaintiff-appellant.

Paul M. Blayney (argued), of U.S. Dept. of Justice, San Francisco, Cal., for defendant-appellee.

Before KOELSCH, TRASK and KENNEDY, Circuit Judges.

ANTHONY M. KENNEDY, Circuit Judge:

On October 26, 1971 appellant was injured, allegedly by the negligent operation of a passing Navy tugboat. Almost two years later, on September 12, 1973, he brought suit against the United States for damages arising from that incident. On May 17, 1974, after both sides had engaged in detailed discovery procedures, the United States filed a motion for summary judgment based on Owen's failure to effect service of process "forthwith" under 46 U.S.C. § 742.

It was undisputed that service on the United States Attorney and mailing of the complaint to the Attorney General occurred 58 days subsequent to the filing of the complaint. The district court granted the motion, finding that the 58 day delay did not constitute service forthwith and finding also that service was barred by a state statute of limitations. Both rulings are properly before us on this appeal under 28 U.S.C. § 1292(a)(3). *City of New York v. McAllister Bros.*, 278 F.2d 708, 709 (2d Cir. 1960).

The United States may be sued in district court for damages caused by public vessels pursuant to the Public Vessels Act, 46 U.S.C. §§ 781–90. That Act incorporates by reference 46 U.S.C. ch. 20, which is known as the Suits in Admiralty Act. 46 U.S.C. § 782. This Act provides, in relevant part, that:

> The libelant shall *forthwith* serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States

> . . . .

46 U.S.C. § 742 (emphasis added).

Only one circuit court has considered what constitutes "forthwith" service under this statute and the effect of failure to make such service upon a libelant's cause of action. *Battaglia v. United States*, 303 F.2d 683 (2d Cir.) (service effected 4½ months after filing of the complaint), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962); *City of New York v. McAllister Bros.*, 278 F.2d 708 (2d Cir. 1960) (service effected 2 months after service of complaint). The Second Circuit in those cases held that service of process was not effected forthwith. It also concluded that the requirements of· § 742 were a limited waiver of sovereign immunity, and therefore they were jurisdictional; hence failure to comply required the dismissal of the com-

plaint. While several district courts in this circuit have resolved the issue in the same manner as the Second Circuit, *see, e.g., Brown v. United States,* 403 F.Supp. 472, 474 (C.D. Cal. 1975); *Marich v. United States,* 84 F.Supp. 829 (N.D. Cal. 1949); *California Casualty Co. v. United States,* 74 F.Supp. 404 (S.D. Cal. 1947), no panel of this court has previously ruled on this issue.

The wisdom of the Second Circuit rule might be doubted, particularly in view of criticism within that court. *Battaglia v. United States, supra,* 303 F.2d at 686 (Friendly, J., concurring). But we need not decide here the question whether the failure to effect forthwith service upon the Government under § 742 deprives the trial court of jurisdiction, for our review of the record reveals a critical distinction between the facts here and those of the Second Circuit cases cited. In this case the accident occurred on October 26, 1971; suit was filed on September 12, 1973; proper service of process was not effected until November 9, 1973, *more than two years after the* occurrence of the event giving rise to the claim of liability. Whatever may be the rule where dilatory service occurs within the two-year statute of limitations, we hold that where service is not made forthwith and the delay extends beyond the period of limitations, it is proper for the district court to dismiss the action on motion of the Government.

■■ The district court correctly determined that service effected 58 days after the filing of the complaint was not forthwith service under § 742. *See City of New York v. McAllister Bros., supra,* 278 F.2d at 710. In view of our disposition of the case, we find it unnecessary to decide the Government's contention that the one-year state statute of limitations is superimposed on the two-year period provided by federal law.

AFFIRMED.