Anne KENYON and Charles Kenyon, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 80–4422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1981.

Decided Dec. 23, 1981.

Rehearing Denied May 5, 1982.

**1230**

Bert S. Sakuda, Cronin, Fried, Sekiya, Haley & Kekina, Honolulu, Hawaii, for plaintiffs-appellants.

Marlin D. Seiders, Jr., Thomas S. Martin, Acting Asst. Atty. Gen., Civ. Div., Philip A. Berns, Atty. in Charge, Torts Branch, Civ. Div. Dept. of Justice, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and BOOCHEVER, Circuit Judges, and EAST,** Senior District Judge.

### OPINION

PER CURIAM.

### THE APPEAL

Anne Kenyon and Charles Kenyon, wife and husband, (Kenyons) appeal the Final Judgment of the District Court dismissing their admiralty suit against the United States of America (Government) for lack of jurisdiction on the ground that the Kenyons failed to make "forthwith" service of a copy of the libel upon the Attorney General of the United States (Attorney General) as required by § 2 of the Suits in Admiralty Act, 46 U.S.C. § 742.[1]

We note jurisdiction and affirm.

### PROCEDURES IN THE DISTRICT COURT

The Kenyons brought suit against the Government and others pursuant to the Public Vessels Act, 46 U.S.C. §§ 781–790, for personal injuries Anne Kenyon allegedly sustained while debarking from a United States Navy warship on May 29, 1977.

** Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The pertinent part of § 742 reads:

Section 782, 46 U.S.C., incorporates by reference the requirements of service of process upon the United States as set forth in 46 U.S.C. § 742.

The suit was instituted on May 24, 1979, five days before the expiration of the two-year statute of limitations contained in the Suits in Admiralty Act, 46 U.S.C. § 745. No prior claim or other indication of possible suit was ever filed with the Navy or any other government agency or department.

The United States Attorney for the District of Hawaii was served with a copy of the summons and libel on May 25, 1979, the day after the action was filed. The Government properly served its answer to the libel on July 18, 1979, asserting the lack of District Court jurisdiction as an affirmative defense "in that plaintiffs have failed to effect forthwith service ... upon the Attorney General ... as required by the Public Vessels Act, ... § 742." On July 23, 1979, five days after receiving the Government's answer, the Kenyons' counsel mailed a copy of the summons and libel to the Attorney General. Thus service was effected on the Attorney General sixty days after the libel was filed and fifty-five days after the effective two-year statute of limitations had expired.

On April 22, 1980, approximately seven months after service was made on the Attorney General and after substantial discovery by both sides, the Government filed a motion to dismiss based on the allegedly defective service. The District Court granted the motion, dismissing the Government as a party, and granted Fed.R.Civ.P. 54(b) certification. The Kenyons filed a timely appeal following the District Court's denial of their motion to reconsider.

### ISSUE ON REVIEW

The sole issue presented by the Kenyons is whether the District Court lacked juris-

The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States....

diction because of the lack of a "forthwith" service of a copy of the libel upon the Attorney General. The answer is "Yes."

DISPOSITION

The realities and wisdom of § 742 requiring the libelant to "forthwith" send a copy of his libel by registered mail to the Attorney General are not before us. We are concerned only with whether the Kenyons complied with the congressional command.

The congressional command of § 742 is a condition precedent to the congressional waiver of the Government's sovereign immunity. The Kenyons' mailing of a copy of the libel to the Attorney General sixty days after the institution of suit and fifty-five days after the effective two-year statute of limitations had expired is not a compliance with the condition. *Barrie v. United States*, 615 F.2d 829 (9th Cir. 1980); *Owens v. United States*, 541 F.2d 1386 (9th Cir. 1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977), reviewing *Battaglia v. United States*, 303 F.2d 683 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962).

The final judgment dismissing the suit against the Government entered by the District Court on August 1, 1980 is affirmed.

AFFIRMED.

The petition for rehearing is denied.

BOOCHEVER, Circuit Judge, files a concurring opinion.

BOOCHEVER, Circuit Judge, concurring in denial of petition for rehearing.

If we were writing on a fresh slate I would vote to grant the petition for rehearing. It seems to me that the first, or at most the first two sentences of 46 U.S.C. § 742 constitutes the waiver of sovereign immunity by the United States. Those sentences read:

In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in section 741 of this title. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found.

The subsequent sentences concerning service of process constitute a procedural requirement enacted in the absence at that time, of any other applicable general service provision. In 1938, the Federal Rules of Civil Procedure became effective. 28 U.S.C. § 2072, enacted in 1948 and amended in 1966, states:

The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts and courts of appeals of the United States in civil actions, including admiralty and maritime cases . . .

Such rules shall not abridge, enlarge, or modify any substantive right . . .

. . . .

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

Thus Congress has stated that the rules of procedure enacted by the Supreme Court replace any laws in conflict therewith, as long as those laws do not involve substantive rights. Since 1966, the Federal Rules of Civil Procedure have governed actions in admiralty as a result of the unification of the civil and admiralty rules. Fed.R.Civ.P. 1; 7A Moore's Federal Practice ¶ .01, 11–14 (2nd ed. 1978).

Were it not for *Barrie v. United States*, 615 F.2d 829 (9th Cir. 1980) and *Owens v. United States*, 541 F.2d 1386 (9th Cir. 1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1580, 51

L.Ed.2d 792 (1977), I would conclude that the service of process provision in Section 742 is procedural and has been supplemented by the provisions of Rule 4 specifying the method of service on the United States of America. Under that rule, service was timely accomplished in this case. I can see no logical reason why there should be a different method of service in this one instance in which the United States is a defendant. I further am impressed by the fact that Section 742 specifies even the manner of mailing "by registered mail to the Attorney General of the United States." Certainly that provision is not to be considered as jurisdictional and would be superseded by the Federal Rule provision that states that a copy of the summons and complaint may be sent by "registered or certified mail to the Attorney General of the United States." Fed.R.Civ.P. 4(d)(4).

Inferential support for this construction of Section 742 may be found in the Senate Report No. 1894, U.S.Code Cong. & Admin. News 1960, p. 3583, issued in support of Pub.L. 86–770,[1] amending 46 U.S.C. § 742 and 28 U.S.C. § 1406, for the purpose of avoiding the bar of the statute of limitations due to confusion over the proper forum for bringing suits.

In stating the reason for the change, the Senate report states:

> The reform of existing practice embodied in this bill is another expression of the underlying philosophy of the Federal Rules of Civil Procedure of modern legal practice generally, that the decisive question in a lawsuit should, as far as possible, be its merits and not esoteric, technical problems of procedure.

S.Rep.No. 1894, 86th Cong. 2nd Sess. 3, *reprinted in* [1960] U.S.Code Cong. & Ad. News 3583, 3585.

In keeping with that philosophy, if freed from the bounds of *stare decisis*, I would hold that the service provision of Section 742 does not constitute an integral part of the substantive waiver of sovereign immunity, but is a mere procedural provision necessary at the time of the statute's enactment, to effectuate that waiver. As such it was superseded by the Federal Rules. Kenyon effected service within the statutory period in accordance with the provisions of those rules.