Joseph AMELLA & William Boethin, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

Arthur V. GRECO, Sr., Carol J. Greco, and Clifford Dale Mills, Third-Party Defendants.

No. C–81–4092SW.

United States District Court, N.D. California.

Jan. 17, 1983.

John Victor Tilly, Gartland & Tilly, San Francisco, Cal., for third-party defendants.

William A. Resneck, Berkeley, Cal., for plaintiffs.

MEMORANDUM OF LAW AND ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION TO DISMISS

SPENCER WILLIAMS, District Judge.

MEMORANDUM OF LAW AND ORDER

After considering the submitted briefs and oral arguments of counsel on January 12, 1983, the Court grants Defendant's motion to dismiss Plaintiffs' complaint for want of jurisdiction.

This decision is based on the following reasoning: Plaintiff failed to comply with the procedure set forth in the Suits in Admiralty Act, 46 U.S.C. § 742 ("§ 742"), which imposes very explicit requirements for service of process on the United States. These requirements include, *inter alia,* that the plaintiffs serve, "forthwith a copy of the Summons and Complaint on the United States Attorney and a copy of the Summons and Complaint by registered mail on the Attorney General of the United States." § 742. Here, Plaintiffs' counsel sent copies by registered mail to both the U.S. Attorney's Office and the Attorney General's Office, rather than *personally* serving the U.S. Attorney. The delay in effectuating service in formal compliance to the procedure set out in § 742 was 63 days—unsatisfactory under the second standard of § 742, which mandates "forthwith" service. *See,*

*e.g., Kenyon v. U.S.,* 676 F.2d 1229 (9th Cir.1981) (service within 60 days not "forthwith"); *Barrie v. U.S.,* 615 F.2d 829 (9th Cir.1980) (service within 62 days not "forthwith"); *Owens v. U.S.,* 541 F.2d 1386 (9th Cir.1976) (service within 58 days not "forthwith").

Plaintiffs do not dispute that § 742 requires that personal service upon the U.S. Attorney be made "forthwith". Rather, they urge this Court to delve into the various communications between Plaintiffs' counsel and the U.S. Attorney, in an attempt to find the "equity" of overlooking their noncompliance with the literal terms of the statute. Even if this Court were to evaluate the circumstances of this omission, in an effort to find some equitable basis for shielding Plaintiffs from dismissal, the facts, as urged by both sides to this action, hardly beckon to our sense of "fundamental fair play". Summarizing the colloquy between Plaintiffs' counsel and the U.S. Attorney throughout the course of this suit, it is clear that (1) Plaintiffs' counsel was informed from almost the date of his unsatisfactory first mail service of the requirements of § 742 by the U.S. Attorney; (2) the U.S. Attorney, although under no affirmative duty to do so, attempted, orally and by letter, to convince Plaintiffs' counsel of the potentially disastrous consequences of his noncompliance with § 742; and finally, (3) despite repeated warnings from the very beginning that the government would bring a motion to dismiss the complaint for lack of proper service on the United States, Plaintiffs' counsel made a conscious decision to "take his clients' chances" with the statute.

■ Plaintiffs' counsel makes two additional contentions which also lack merit. First, Plaintiffs' counsel characterizes their form of service as substantial compliance with § 742. Substantial compliance cannot cure a jurisdictional defect. *See Owens,* 541 F.2d at 1388; *cf., Barrie,* 615 F.2d at 830 and *Marich v. United States,* 84 F.Supp. 829, 832 (N.D.Cal.1949). Requiring private plaintiffs to comply with the strict terms of § 742 is the congressionally-mandated *quid pro quo* for allowing a chink in the armor of sovereign immunity afforded the United States. *See Kenyon,* 676 F.2d at 1231.

■ Second, Plaintiffs' counsel argues that the U.S. Attorney's conduct should supply a grounds for estopping or waiving application of § 742 strictly. The undisputed record fails to disclose any legal or factual basis for estoppel, nor could it form the basis for waiver, since the U.S. Attorney "had no power to waive conditions or limitations imposed by statute in respect of suits against the United States." *Battaglia v. United States,* 303 F.2d 683, *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (2d Cir.1962).

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant United States' motion to dismiss Plaintiffs' complaint for lack of jurisdiction is GRANTED. Each side shall bear its own costs and fees in this matter.