**Joseph AMELLA and William Boethin,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee,**

v.

**Arthur V. GRECO, et al., Third-Party
Defendants.**

Nos. 83–2192, 83–2211.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 1984.

Decided May 3, 1984.

William A. Resneck, Berkeley, Cal., for plaintiffs-appellants.

Philip A. Berns, Atty. In Charge, West Coast Dept. of Justice, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and CANBY, Circuit Judges, and NIELSEN,* District Judge.

KENNEDY, Circuit Judge:

When the United States is sued in admiralty, the libelant must *"forthwith* serve a copy of his libel on the United States attorney for [the appropriate] district and mail a copy thereof by registered mail to the Attorney General of the United States." (Emphasis added.) 46 U.S.C. § 742. Lawyers unfamiliar with the ways of admiralty or careless on their watch will encounter this statute as a hidden reef that can be a jurisdictional bar to an otherwise meritorious suit. Once more we are called upon to interpret the operative statutory word "forthwith."

In the case before us, the appellants' attorney promptly mailed a copy of the complaint to the United States Attorney but did not effect personal service on the United States Attorney until 63 days later. *See* Fed.R.Civ.P. 4(d)(4). The district court held that service 63 days after the filing of libel was not forthwith and dismissed the action. We agree and affirm.

The fishing vessel "Seabright" sank on the evening of December 12, 1980 while in the tow of the United States Coast Guard. Alleging the Seabright's demise resulted from negligence of the United States, appellants filed the present libel on October 15, 1981, well within the two year statute of limitations. *See* 46 U.S.C. § 745. The Attorney General of the United States was served with the complaint by registered mail on October 21, 1981. A copy of the complaint along with a request for acknowledgment of service was also mailed to the United States Attorney for the Northern District of California and received in the United States Attorney's office on October 19, 1981.

The acknowledgment of service was not returned to appellants' counsel; instead, the United States Attorney's office wrote appellants' counsel early in December 1981 to inform him that proper service had not been made, as the statute and Rule 4(d)(4) of the Federal Rules of Civil Procedure require personal service upon a United States Attorney. The office advised appellants' counsel to voluntarily dismiss and to refile the action, serving the Attorney General by registered mail and the United States Attorney by personal service. In lieu of dismissing and refiling, appellants' counsel chose to make personal service of the original complaint upon the United States Attorney; service was on December 17, 1981, 63 days after the action was filed.

The United States informed appellants' counsel that it did not consider service 63 days after filing to be forthwith. The Government repeatedly urged him to voluntarily dismiss the complaint; refile; and forthwith re-serve the Attorney General

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of Califor-

nia, sitting by designation.

and the United States Attorney while time remained within the statute of limitations. Inexplicably, appellants' counsel refused to follow that simple and inexpensive course. Instead, he allowed the statute of limitations to run without taking action to cure the late service. Its position clear and consistent, and its advice ignored, the United States moved for dismissal of the action. The district court agreed with the United States that personal service had not been forthwith and granted the Government's motion.

Failure *to comply with the forth*-with service demand of § 742 is a jurisdictional defect which denies a court subject matter jurisdiction in the controversy. *Kenyon v. United States*, 676 F.2d 1229 (9th Cir.1981) (per curiam); *see id.* at 1231 (Boochever, J., concurring *in denial of peti*-tion for rehearing) (recognizing but criticizing jurisdictional nature of requirement); *Battaglia v. United States*, 303 F.2d 683 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). We have previously held service ranging from 58 to 64 days after filing not to be forthwith where the statute of limitations has run before service was made. *Kenyon*, 676 F.2d 1229 (60 days); *Barrie v. United States*, 615 F.2d 829 (9th Cir.1980) (per curiam) (62 & 64 days); *Owens v. United States*, 541 F.2d 1386 (9th Cir.1976) (58 days). We conclude that service during the time the statute of limitations remains open does not necessarily satisfy the forthwith requirement. The requirement of forthwith service is independent of the limitations period. *Compare* 46 U.S.C. § 742 (forthwith service) *with* 46 U.S.C. § 745 (statute of limitations). *See City of New York v. McAllister Bros., Inc.*, 278 F.2d 708, 710 (2d Cir.1960) ("to require only that service be made within the time permitted by the statute of limitations for bringing such action would read 'forthwith' entirely out of the statute.").

We do not foreclose the possibility that the point the statute of limitations runs might be relevant in a particularly close case. *Cf. Owens*, 541 F.2d at 1388. Nonetheless, the open limitations period

here is not controlling. "Forthwith" connotes action which is immediate, without delay, prompt, and with reasonable dispatch. *McAllister Bros., Inc.*, 278 F.2d at 710; Black's Law Dictionary 588 (5th ed. 1979). We need not determine the exact demarcation of forthwith service, for we conclude that service 63 days after the action is filed cannot be considered forthwith here. *See McAllister Bros., Inc.*, 278 F.2d at 710 (under any construction two months does not meet the command of "forthwith").

Even on the dubious assumption that the Federal Rules of Civil Procedure can amend an act of Congress, Rule 4(j) would be of no help to appellants. Rule 4(j) sets 120 days as a presumption of unreasonable and dilatory delay in service of the complaint in any civil suit. As such, it fixes an outer limit on service but does not indicate what lesser time period qualifies as forthwith.

The United States Attorney's actual notice of the filing of the libel via the mailed copy of the complaint is irrelevant. Section 742 requires forthwith service, not notice. The libelant bears the responsibility of compliance. Appellants' counsel should have been aware something was amiss long before the United States Attorney's office contacted him. His suspicions should have been raised when he failed to receive the acknowledgment of service he had mailed to the United States Attorney with the libel.

Having failed forthwith to serve a libel filed within the statute of limitations, appellants may not now avail themselves of Rule 15 of the Federal Rules of Civil Procedure. First, Rule 15 only applies to the amendment of pleadings. Appellants do not wish to amend the libel to add a new party or cause of action, *see Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431 (9th Cir.1983); they merely wish to refile and re-serve the present libel. Further, allowing libelants to cure tardy service at any time by simply re-serving the original complaint would make § 742 a nullity. This is not to imply that a libelant may not cure tardy service by way of voluntary

dismissal followed by refiling of the same libel, within the period provided for by the statute of limitations, with new, forthwith, service. The United States advised that very course here.

We may not like § 742, but we cannot ignore it. Having failed to effect forthwith service of a timely filed libel, the appellants' action must be dismissed.

It is a sad case. After the obdurate refusal of counsel to follow the sensible and generous advice of the United States Attorney's office, the appellants forfeited substantial claims. The loss of meritorious causes is inherent in any workable system of legal procedure. One of the "problems which a legal system must face is a combination of a due regard for claims of substantial justice with a system of procedure rigid enough to be workable," 2 Holdsworth, A History of English Law 196 (1909); but § 742 appears to strike the balance too far in favor of formalism, to the detriment of justice. The United States at oral argument acknowledged the rule is harsh and often inequitable. If Congress were to take the statute off the books, we should feel no remorse; but until Congress awakes to action, we are bound by the statutory requirement.

AFFIRMED.