Joseph HALPERIN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 82–8517–CIV–NESBITT.

United States District Court, S.D. Florida, S.D.

Jan. 18, 1985.

Thomas L. Howard, Taplin & Howard, P.A., West Palm Beach, Fla., for plaintiff.

Steven J. Delaney, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

NESBITT, District Judge.

THIS CASE is before the Court upon the Defendant's Motion to Dismiss. The case involves a claim against the United States for damages to a vessel on navigable waters. The issues raised by the Government's Motion and the Defendant's Response require a review of the procedural history of this case.

On November 23, 1982, the Plaintiff filed a complaint under the Federal Tort Claims Act ("F.T.C.A."), 28 U.S.C.A. § 1346(b) (1976), alleging that his boat was damaged when it struck the submerged remains of a United States Coast Guard aid to navigation. This case was originally assigned to another United States District Judge in this District. At that time, the Government filed its first Motion to Dismiss and in support of the Motion argued that: (1) the action was improperly brought under the F.T.C.A.; it should have been brought under the Suits in Admiralty Act ("S.A.A."), 46 U.S.C.A. § 742 (1975); (2) the action was barred by the two year statute of limitations provided for in the S.A.A.; and (3) service of process was improperly effected under the S.A.A. The Plaintiff responded to the Motion to Dismiss and at the same time filed a Motion for Leave to Amend the Complaint. The Motion for Leave to Amend was granted; however, the Motion to Dismiss was never decided. The case was thereafter transferred to this division on December 28, 1983.

Subsequent to the transfer of this case, the Government filed a second Motion to Dismiss. In support of this Motion, the Government now argues that the Plaintiff failed to effect proper service of the original complaint under the S.A.A.; the statute of limitations argument has been abandoned. The service of process issue arises out of the language of the S.A.A.:

The libelant shall *forthwith* serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing . . . .

46 U.S.C.A. § 742 (1975) (emphasis added). It is undisputed that the Plaintiff failed to effect service of process for ninety-three days after the filing of the complaint. It also appears to be undisputed that service of process within this length of time does not constitute "forthwith". *See Kenyon v. United States*, 676 F.2d 1229 (9th Cir.1981) (service within sixty days and fifty-five days is not forthwith); *New York v. McAllister Brothers, Inc.*, 278 F.2d 708 (2d Cir. 1960) (service within two months does not constitute forthwith).

The Plaintiff has responded to the Motion to Dismiss by arguing that: (1) the Federal Rules of Civil Procedure, which allow greater flexibility in the service of process, superseded the S.A.A.; and (2) the Government, unprejudiced by the delay, has in effect waived the provisions of the S.A.A. Although neither the Fifth nor the Eleventh Circuits has discussed these issues in any manner, both the Second and Ninth Circuits have thoroughly explored the questions raised by the instant case. *New York v. McAllister Brothers, Inc.*, 278 F.2d 708 (2d Cir.1960), was the seminal case with regard to the provisions of the S.A.A. In that case, the Second Circuit held that where the Plaintiff fails to effect service of process in a forthwith manner, as provided for in the S.A.A., the case would be dismissed. Every court which has decided this issue has found that the service of process provisions found in the S.A.A. are jurisdictional and serve as a condition precedent to the waiver of sovereign immunity. These stated requirements must be strictly complied with in order for the Government's waiver of sovereign immunity to be effective. *Id.* Failure to comply denies a court subject matter jurisdiction. *Amella v. United States*, 732 F.2d 711 (9th Cir.1984). The district court in *Amella* stated that "requiring private plaintiffs to comply with the strict terms of § 742 is the congressionally mandated quid pro quo for allowing a chink in the armor of sovereign immunity offered the United States." *Amella v. United States*, 570 F.Supp. 816 (N.D.Cal.1983), *aff'd*, 732 F.2d at 711.

Although several courts have recognized and even expressed displeasure with the harshness of § 742, not a single one has ruled that the Federal Rules of Civil Procedure take precedence over the S.A.A. *See Kenyon*, 676 F.2d at 1229. In *Kenyon*, the Ninth Circuit stated that the wisdom of the S.A.A. was not before the Court. Finding that this statute was a congressional command, the Court held that "forthwith service" was a condition precedent to the waiver of sovereign immunity. While the Plaintiff correctly notes that two of the leading opinions on this subject contained concurrences which criticized the service provisions of the S.A.A., the Plaintiff fails to note that even the judges who authored these concurrences felt bound by precedent and the intent of Congress, and agreed that the S.A.A. was not superseded by the Federal Rules. *See id.* (Boochever, J., concurring); *Battaglia v. United States*, 303 F.2d 683 (2d Cir.1962) (Friendly, J., concurring). Although this issue has never been decided in this Circuit, this Court chooses to follow the sound logic and reasoning of the Second and Ninth Circuits. The merit of the S.A.A. service of process requirements is best left to the policymakers. If and until Congress acts, this Court, as did the Second and Ninth Circuits, must follow the dictates of the S.A.A. Accordingly, this Court holds that the "forthwith" provisions of the S.A.A. apply to the instant case.

The Plaintiff also argues that the Government waived the provisions of the S.A.A. as it has not been prejudiced by the Plaintiff's failure to forthwith serve process. This contention is also erroneous. The same courts that consistently apply the provisions of the S.A.A. have also held that the government may not and cannot waive the conditions or limitations imposed by the

S.A.A. *Battaglia,* 303 F.2d at 686; *Amella,* 570 F.Supp. at 817. Therefore, the S.A.A. applies to the instant case as the Government is unable to waive the forthwith service provisions of the S.A.A.

The Plaintiff's filing of an amended complaint requires additional discussion and analysis. Pursuant to the previous district judge's order, the Plaintiff amended his complaint to provide for jurisdiction under the S.A.A. Rule 15(c), *Fed.R.Civ.P.,* requires that in order for an amended complaint to relate back, the facts alleged in the amended pleading must have arisen out of the same transactions or occurrences which gave rise to the original pleading. Rule 15(c) also requires that the Defendant must have had notice of the Plaintiff's claim. Where, in the case at bar, the Defendant's amended complaint merely changed the name of the cause of action, both of the requirements of Rule 15(c) have been satisfied. *See Ashland v. Ling-Temco-Vought,* 711 F.2d 1431, 1437 (9th Cir. 1983). The facts alleged in the amended complaint were identical to the facts alleged in the original complaint, facts which the Government had notice of since at least the time of the serving of the original complaint.

The Defendant has cited several cases which disallowed the relation back of an amended complaint in instances where the amended complaint cured a defect in the naming of the United States as a party-defendant. *See, e.g., Davis v. Cohen & Co.,* 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129 (1925); *Hammond-Knowlton v. United States,* 121 F.2d 192 (2d Cir.), *cert. denied,* 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555 (1941); *Jacobsen v. United States,* 160 F.Supp. 491 (E.D.Pa.1958); *Lomax v. United States,* 155 F.Supp. 354 (E.D.Pa.1957). These cases have little applicability to this case, where here, only the cause of action, rather than the party-defendant, has been changed. However, the case of *Amella v. United States,* 732 F.2d 711 (9th Cir.1984), did discuss the issue of relation back with regard to a suit under the S.A.A. In that case, the Plaintiff also failed to forthwith serve process as required by the S.A.A. In

an attempt to rectify the situation, the Plaintiff filed an amended complaint and effected proper service after the statute of limitations had expired. The court held that the amended complaint could not relate back:

> Having failed forthwith to serve a libel filed within the statute of limitations, appellants may not now avail themselves of Rule 15 of the Federal Rules of Civil Procedure. First, Rule 15 only applies to the amendment of pleadings. Appellants do not wish to amend the libel to add a new party or cause of action; they merely wish to refile and reserve the present libel. Further, allowing libelants to cure tardy service at any time by simply reserving the original complaint would make § 742 a nullity.

*Id.* at 713 (citations omitted). Following the logic of *Amella,* normally an amended complaint filed outside the statute of limitations would not be sufficient to cure a failure of forthwith service of process. However, the facts of the instant case do not quite parallel the facts of *Amella.* In this case, the Plaintiff amended his complaint in order to allege an entirely different cause of action.

■ The case of *Ashland v. Ling-Temco-Vought, Inc.,* 711 F.2d 1431 (9th Cir. 1983), is instructive. In *Ashland,* several plaintiffs brought claims against the Government under the F.T.C.A. As in the instant case, service of process was not forthwith. The district court dismissed the complaints for lack of subject matter jurisdiction as the S.A.A. provided the exclusive remedy. The plaintiffs refiled their complaints alleging jurisdiction under the S.A.A. and effected forthwith service of process; however, the statute of limitations had previously expired. Both the district court and the Ninth Circuit agreed that in this situation, the amended complaint could relate back to the filing of the original complaint. The *Amella* court, also the Ninth Circuit, specifically explained the difference between the facts of the case before it, where the amended complaint did not relate back, and the facts of *Ashland.*

In *Ashland,* unlike in *Amella,* the Plaintiff added a new and different cause of action, while in *Amella,* the Plaintiff simply re-filed the exact same complaint and re-served process on the Government. Since the Plaintiff, in the case at bar, filed an amended complaint and not an exact dupli-cate of the original, for the purpose of adding a new cause of action and not for the purpose of re-serving process, the amended complaint could relate back under the Ninth Circuit's sound reasoning. The Plaintiff would only have had to properly serve the amended complaint in order for this case to go forward. Although not addressed by either party, therein lies the rub of this entire case.

The S.A.A. calls for forthwith service of the complaint upon the United States At-torney by personal service with a copy to be sent, by registered mail, to the Attorney General of the United States. The record reflects that after the filing of the amend-ed complaint, the Plaintiff sent it, by reg-istered mail, only to Stanley Marcus, the United States Attorney for the Southern District of Florida, and to Larry Craig, the Department of Justice Attorney originally responsible for the handling of this case. *See* Affidavit of Thomas L. Howard, July 15, 1983.

While the Plaintiff promptly carried out this task, the Plaintiff failed to follow the proper procedures as outlined in the S.A.A. for service of the amended com-plaint. Instead of personally serving the amended complaint on Stanley Marcus, United States Attorney for the Southern District of Florida, the Plaintiff chose to send it by registered mail. Instead of mail-ing the amended complaint by registered mail to the Attorney General of the United States, the Plaintiff incorrectly chose to mail the amended complaint to the original Government attorney handling the case. In short, the Plaintiff effected service of process all wrong.

The cases discussed above uniformly hold that failure to accurately comply with the service requirements of the S.A.A. di-vests a court of subject matter jurisdiction.

Where the statute requires personal ser-vice, but the Plaintiff instead mails the complaint, a court is unable to take jurisdic-tion over the case. *See Amella,* 570 F.Supp. at 712–13, *aff'd,* 732 F.2d at 711. The policy considerations which surround the Government's waiver of sovereign im-munity apply here with equal force. In order for the waiver of sovereign immunity to be effective, a Plaintiff must strictly comply with the requirements of the waiv-er statute. *Id.* The Plaintiff in this case has failed to comply with the service of process requirements of the S.A.A., a stat-ute which waives the sovereign immunity of the United States. Therefore, even if this Court were to adopt the sound reason-ing and logic of the Ninth Circuit and allow the relation back of the amended complaint, the amended complaint would still be dis-missed for failure to effect proper service as required by the S.A.A.

This case has presented the Court with novel questions of law for a district court in the Eleventh Circuit. A review of the relevant case law and applicable policy con-cerns requires that this Court adopt the reasoning of the Second and Ninth Circuits and hold that the Federal Rules of Civil Procedure do not supersede the provisions of the S.A.A. The Court further holds that the Government or a Government agency cannot waive the service of process provi-sions of the S.A.A. Finally, regardless of whether this Court chooses to follow the logic of the Ninth Circuit's analysis of the relation back of amended complaints as expressed in *Amella* and *Ashland,* the Plaintiff's service of the amended com-plaint was wholly contrary to the provi-sions of the S.A.A. requiring the dismissal of the amended complaint. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss is GRANT-ED. The Plaintiff's complaint and amend-ed complaint are dismissed for failure to properly effect service of process as dictat-ed by the S.A.A. By not adhering to the requirements of this statute, the Plaintiff has failed to meet the burden placed on a

citizen who chooses to bring suit against the sovereign.