**Thomas PEZZOLA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–83–3239.**

United States District Court, E.D. New York.

Jan. 24, 1985.

Zimmerman & Zimmerman, by Thomas Doyle, New York City, for plaintiff.

U.S. Dept. of Justice, Torts Branch, Civ. Div., by Paul M. Wasserman, New York City, for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is an action for personal injuries allegedly sustained while working on board a United States vessel in August 1981. Jurisdiction is based on the Public Vessels Act, 46 U.S.C. §§ 781–790, and the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure.

The facts, as alleged in the complaint and plaintiff's affidavits submitted on this motion, are that on August 18, 1981, plaintiff was working as a welder doing maintenance work on the United States Naval Ship Paweatuck. The work was being done at the Jackson Marine Pier, and plaintiff was employed by the Jackson Marine Co. In the course of work, plaintiff fell and was injured, sustaining a tear of the posterior horn of the medial meniscus of the left knee. He continues to suffer from that injury as well as from traumatic neurosis and depression said to have been caused by the fall. As a result, he alleges that he is no longer able to perform his duties as a welder.

The action was commenced by the filing of a complaint on July 26, 1983. On that date a summons was issued by the Clerk of the Court. The summons and complaint were served on the United States Attorney's office in this courthouse. On September 26, 1983, the defendant served its answer. The answer contains no reference to defective service of process and pleads no affirmative defenses based on lack of personal or subject matter jurisdiction.

On October 25, 1983, a status conference was held attended by attorneys for both sides, and no jurisdictional objections were made by the United States. Discovery proceeded during which defendant served interrogatories, deposed plaintiff, and conducted a medical examination. On June 4, defendant made a proposal to settle the case for $3,000 in the form of an offer of judgment, which was apparently not accepted. On September 24, 1984, a final pretrial conference was held, and the case was marked ready for trial.

Defendant now moves for dismissal for lack of subject matter jurisdiction on the ground that the Attorney General of the United States was never served by mail or otherwise with a copy of the summons and complaint as required by the Suits in Admiralty Act, 46 U.S.C. § 742.

Plaintiff does not dispute defendant's contention that he has failed to comply with the requirements of § 742. Plaintiff argues initially that defendant's claim of lack of personal jurisdiction or insufficient service of process is, under Rule 12(h)(1) of the Federal Rules of Civil Procedure, waived because not timely made. Alternatively, plaintiff argues that the government is estopped from relying on plaintiff's essentially procedural default by its conduct in defending this case without either timely advising the plaintiff that service was improper or moving to dismiss. For the reasons that follow, the motion to dismiss is granted.

In suits brought against the United States under the Public Vessels Act, 46 U.S.C. §§ 781–790, which incorporates by reference the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, the procedural requirements for obtaining jurisdiction over the United States are set forth in 46 U.S.C. § 742, which requires the libelant forthwith to serve a copy of his libel on the United States Attorney and to mail a copy thereof by registered mail to the Attorney General of the United States. The statute is harsh and much criticized. As stated in *Amella v. United States*, 732 F.2d 711 (9th Cir. 1984), "[l]awyers unfamiliar with the ways of admiralty or careless on their watch will encounter this statute as a hidden reef that

can be a jurisdictional bar to an otherwise meritorious suit." 732 F.2d at 712.

The leading case in this Circuit is *Battaglia v. United States*, 303 F.2d 683 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). In *Battaglia*, the court affirmed the district court's dismissal of the action for lack of subject matter jurisdiction because the libelant "had failed to effect service of process on the United States in that he failed to serve a copy of the libel on the Attorney General of the United States and file an affidavit as required by 46 U.S.C. §§ 742 and 782." That action was filed on June 8, 1961, and service was made on the United States Attorney for the Southern District of New York. The plaintiff, however, did not mail a copy to the Attorney General or file an affidavit of service. On October 25, 1961 the government moved to dismiss claiming defective service. The next day libelant attempted to cure the defect by mailing a copy to the Attorney General and filing the affidavit. The court, recognizing the harshness of § 742, nonetheless affirmed, finding that the failure to mail a copy of the libel deprived the court of jurisdiction. In so finding, the court stated:

> "Libelant's argument that notice to the United States Attorney should be adequate notice to the United States is not realistic. His conception of a United States Attorney 'in his office snowbound' eventually using his 'horse and buggy' to carry notice of the libel to the Attorney General may be somewhat altered by a more modern communication system but it ignores the function of the Attorney General's Office. The Attorney General is responsible for handling the nationwide litigation against the Government. For convenience of litigants, actual personal service may be made in the appropriate district, thus avoiding the necessity of traveling from North Dakota (for example) to Washington, or engaging local Washington counsel to make service. It is, nevertheless, equally important, if not more important, for the Attorney General to receive almost simultaneous notice. In final analysis, the ultimate

final responsibility for the handling of cases, both as to pleading and trial tactics as well as possible settlement, is vested in the Attorney General. The local United States Attorneys are his deputies who possess such authority as he chooses to bestow upon them."

303 F.2d at 685–86.

The court moreover rejected plaintiff's argument that the government's four-month delay in moving to dismiss constituted a waiver, stating "the [United States] Attorney had no power to waive conditions or limitations imposed by statute in respect of suits against the United States." 303 F.2d at 686.

Judge Friendly, in a concurrence, disagreed with the court's interpretation of § 742 but conceded the weight of authority was that all procedures in § 742 were jurisdictional in nature. He stated:

> "Hence, if, as the opinion assumes, every failure by a libelant to comply with a procedural step outlined in the Suits in Admiralty Act, 41 Stat. 525 (1920), is 'jurisdictional,' but only if so, its Draconian conclusion inexorably follows.
>
> "I cannot believe Congress meant anything of the kind; I should have supposed that, once Congress gave the basic consent to sue the United States, as it did in the first sentence of § 2 of the Suits in Admiralty Act, 42 U.S.C.A. § 742, it was content to have the courts decide the effect of various procedural lapses in the same manner as 'if such vessel were privately owned or operated.' The Act was 'a comprehensive waiver by the United States' whereby 'the government, in entering the shipping world as a participant, simply assumes a normal role in the antecedent pattern.' *Gilmore and Black Admiralty* (1957), pp. 773–774."

303 F.2d at 686.

*Battaglia* has not received much comment within this Circuit, and, while criticized, it continues to be followed. *Kenyon v. United States*, 676 F.2d 1229 (9th Cir. 1981), held that, where the libelants mailed a copy of the libel to the Attorney General

60 days after institution of the suit and 55 days after the effective two-year statute of limitations had expired, the action had to be dismissed for lack of jurisdiction. Citing *Battaglia,* the court stated: "The congressional command of § 742 is a condition precedent to the congressional waiver of the Government's sovereign immunity." 676 F.2d at 1231.

Much as Judge Friendly did, Judge Boochever, in *Kenyon,* concurred based upon the weight of precedent but stated that he "would hold that the service provision of section 742 does not constitute an integral part of the substantive waiver of sovereign immunity, but it is a mere procedural provision." In reaching that conclusion, Judge Boochever argued that he would find that Rule 4 of the Federal Rules of Civil Procedure, which governs service on the United States, was intended to supplant all conflicting service provisions. He stated:

"I would conclude that the service of process provision in Section 742 is procedural and has been supplemented by the provisions of Rule 4 specifying the method of service on the United States of America. Under that rule, service was timely accomplished in this case. I can see no logical reason why there should be a different method of service in this one instance in which the United States is a defendant. I further am impressed by the fact that Section 742 specifies even the manner of mailing 'by registered mail to the Attorney General of the United States.' Certainly that provision is not to be considered as jurisdictional and would be superseded by the Federal Rule provision that states that a copy of the summons and complaint may be sent by 'registered or certified mail to the Attorney General of the United States.' Fed.R.Civ.P. 4(d)(4)."

*Kenyon,* supra, 676 F.2d at 1232.

Most recently in *Amella v. United States,* 732 F.2d 711 (9th Cir.1984), the Ninth Circuit, citing *Battaglia,* reaffirmed the principle that "failure to comply with the forthwith service demand of § 742 is a jurisdictional defect which denies a court subject matter jurisdiction in the controversy." *Id.* at 712. In that action the United States Attorney's Office advised appellant's counsel to dismiss voluntarily and re-file the action so that it could serve the Attorney General by registered mail. However, the libelant chose to ignore that advice and instead opted to mail the complaint 63 days after the action was filed.

In the course of its opinion, the court commented on the proposition that Rule 4 intended to supplant § 742 by stating it is a "dubious assumption that the Federal Rules of Civil Procedure can amend an act of Congress." *Id.* at 713. Nor, the court stated, could the parties cure the defect by simply re-serving the original complaint, since to allow that would make § 742 a nullity. In granting the motion to dismiss, the court renewed the attack on § 742, stating:

"It is a sad case. After the obdurate refusal of counsel to follow the sensible and generous advice of the United States Attorney's office, the appellants forfeited substantial claims. The loss of meritorious causes is inherent in any workable system of legal procedure. One of the 'problems which a legal system must face is a combination of a due regard for claims of substantial justice with a system of procedure rigid enough to be workable,' 2 Holdsworth, A History of English Law 196 (1909); but § 742 appears to strike the balance too far in favor of formalism, to the detriment of justice. The United States at oral argument acknowledged the rule is harsh and often inequitable. If Congress were to take the statute off the books, we should feel no remorse; but until Congress awakes to action, we are bound by the statutory requirement."

*Id.* at 714.

■ There can be no question that the plaintiff has not complied with the requirement of 46 U.S.C. § 742, made applicable by § 782, that he must "forthwith" mail a copy of the complaint by registered mail to the Attorney General of the United States. It has been over one year since the com-

plaint was filed, and no summons has been mailed or affidavit of mailing filed. Additionally, the statute of limitations, which is a two-year statute, expired in August 1983, and thus no argument could be made that the forthwith requirement allows at least until the statute of limitations expires. It is elementary that "the United States as sovereign is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). In the context of § 742, it has been most recently held that, "[w]here, as here, a waiver of sovereign immunity is implicated, a failure to comply with statutory provisions concerning service and notice must be regarded as jurisdictional." *Allen v. United States,* No. 84–5717 (S.D.N.Y. Oct. 31, 1984). Thus, by the terms of § 742, defendant's motion for dismissal for lack of subject matter jurisdiction must be granted.

Plaintiff argues that pursuant to Rules 12(b) and (h)(1), defendant has waived its right to contest the jurisdiction under § 742 by not raising it in his answer or by earlier motion. In order for this Court to adopt that argument, it would have to find the requirement of forthwith mailing to be procedural rather than jurisdictional. If the requirement is jurisdictional then the defense is not waived since Rule 12(h)(3) allows a party or the Court to raise lack of subject matter jurisdiction at any point.

Justice Friendly's argument in *Battaglia* was that the mailing requirement should be regarded as procedural. However, as Judge Friendly recognized, principles of *stare decisis* compel a finding that the mailing requirement is jurisdictional. Plaintiff asks this Court not to follow the *Battaglia* rule, but rather to adopt Judge Friendly's reasoning that Congress could not have meant that, in a situation such as this, dismissal for lack of subject matter jurisdiction should be granted. As already stated, this Court is confined to the *Battaglia* rule, unless the Court of Appeals itself reverses *Battaglia.*

■ Plaintiff makes the argument that the acts of the government constitute waiver of the requirements of § 742. However, what was said in *United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940), is dispositive here:

"It is a corollary to immunity from suit on the part of the United States ... that this immunity cannot be waived by officials. If the contrary were true, it would subject the Government to suits in any court in the discretion of its responsible officers. This is not permissible."

309 U.S. at 513, 60 S.Ct. at 657. *See also American-Foreign Steamship Corp. v. United States,* 291 F.2d 598, 607 (2d Cir. 1961); *United States v. Hennen,* 300 F.Supp. 256, 259 n. 5 (D.Nev.1968).

■ Plaintiff's collateral estoppel argument must also be rejected if only because the government's misleading conduct, if such it was, is not responsible for plaintiff's current plight. As already noted, plaintiff's complaint was filed on the evening of the expiration of the statute of limitations. By no stretch of the imagination can the government be taxed with failing to act promptly enough to bring to the attention of plaintiff his failure to serve the Attorney General properly in time to avoid the bar that now exists preventing him from curing the defect in service. While the government certainly wasted much time and effort on its part and on the part of its adversary over the course of this litigation, that waste of time and effort made the plaintiff's situation no worse than it already was. Accordingly, even assuming some misconduct on the part of government counsel in allowing this suit to proceed as far as it has, that misconduct did not prejudice plaintiff's case, which was essentially past remedy jurisdictionally when the initial service was defectively made.

For the reasons set forth above, defendant's motion to dismiss must be granted.

The Clerk is directed to enter judgment dismissing the complaint and to mail a copy of the within to all parties.

SO ORDERED.