**Donald O'HALLORAN, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C–92–4244 EFL.**

United States District Court,
N.D. California.

April 7, 1993.

Lyle Cavin, Jr., Oakland, CA, for plaintiff.

R. Michael Underhill, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, San Francisco, CA, for defendant.

ORDER

LYNCH, District Judge.

## I. INTRODUCTION

Plaintiff has brought suit pursuant to the Public Vessels Act, 46 U.S.C.App. § 781 et seq. and the Suits in Admiralty Act ["SIAA"], 46 U.S.C.App. § 741 et seq. On February 2, 1993, defendant moved to dismiss this complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on plaintiff's failure to effect timely personal service of the summons and complaint upon the United States Attorney. The Court grants defendant's motion.

## II. BACKGROUND

Plaintiff was allegedly injured on November 4, 1990 on the SS CAPE GIBSON. This vessel was owned by the United States, by and through the Maritime Administration ("MARAD") and was operated on MARAD'S behalf by American President Lines ("APL") under an agency agreement. Plaintiff initially filed a complaint on March 16, 1992. *O'Halloran v. United States, American President Lines*, N.D.Cal., Civil No. C–92–1092 BAC. The United States advised plaintiff's counsel that the action was defective for various jurisdictional reasons, including failure to effect "forthwith service" upon the Attorney General of the United States as required by 42 U.S.C.App. § 742.[1] On October 15, 1992, plaintiff voluntarily dismissed the suit without prejudice.

On October 26, 1992, plaintiff filed his complaint in this action making the same allegations. It appears that service was made upon the Attorney General of the United States on November 3, 1992. However, although plaintiff mailed a copy of the summons and complaint, along with a "Request for Acknowledgement of Service," to the United States Attorney's Office on approximately November 2, he apparently did not personally serve the United States Attorney at that time.

1. That section provides in pertinent part that plaintiff:

    shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States. 46 U.S.C.App. § 742.

On December 31, 1992, counsel for defendant wrote to plaintiff's counsel, indicating that it had no record of personal service of the summons and complaint. On January 11, 1993, plaintiff made personal service upon the United States Attorney's Office—77 days after the complaint was filed and 68 days after the statute of limitations for this action expired.

Defendant has moved for dismissal for failure to effect personal service, relying on the law of this Circuit for the proposition that the failure to effect personal service is a jurisdictional defect. *Amella v. United States,* 732 F.2d 711 (9th Cir.1984). Plaintiff opposes the motion, conceding that *Amella* requires the dismissal of his claim, but asking this Court to disregard the Ninth Circuit's dictates in finding that the requirements of § 742 are not jurisdictional.

## III. DISCUSSION

### A. *Forthwith Service*

■ The term "forthwith service" has not been precisely defined in the Ninth Circuit. We know that forthwith service is service at some point prior to the fifty-eighth day after the complaint has been filed. *Owens v. United States,* 541 F.2d 1386, 1388 (9th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977) (service on 58th day was not forthwith). We also know that forthwith service is service which is "immediate, without delay, prompt, and with reasonable dispatch." *Amella v. United States,* 732 F.2d 711, 713 (9th Cir.1984). However, we do not know whether forthwith service is service on the day of filing, within a week of filing, within a month of filing, or service by the fifty-seventh day after filing. The term is inherently ambiguous.

■ However, despite the ambiguity of the term, it is clear that service 77 days after the filing of a complaint is not "forthwith" under the law of this Circuit.

In *Amella v. United States,* 732 F.2d 711 (9th Cir.1984), the Ninth Circuit considered a case which presented almost identical facts. In *Amella,* plaintiffs brought a suit in admiralty against the United States for injuries suffered while in the tow of the United States Coast Guard. Plaintiffs filed their suit within the two-year statute of limitations and served the Attorney General of the United States by registered mail within a week of filing their complaint. Plaintiffs additionally mailed a copy of the complaint and a request for an acknowledgment of service to the United States Attorney for the Northern District of California. Instead of returning the acknowledgment of service to plaintiffs, the U.S. Attorney's office wrote to plaintiffs' counsel, informing him that personal service was required, and advising him to dismiss and refile the action. Counsel did not do so, and instead made personal service 63 days after the action was filed. On a motion to dismiss by the government, the district court dismissed the action on the basis that personal service had not been forthwith. The Ninth Circuit affirmed, following a number of other Ninth Circuit cases which required dismissal of similar claims. *See Kenyon v. United States,* 676 F.2d 1229 (9th Cir.1981) (service on 60th day is not forthwith); *Barrie v. United States,* 615 F.2d 829 (9th Cir.1980) (service on 62nd day did not meet statutory requirement); *Owens v. United States,* 541 F.2d 1386, 1388 (9th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977) (service on day 58 mandated dismissal; when the defect cannot be remedied prior to expiration of two-year statute of limitation, dismissal must be final).

■ The court in *Amella* held that "[f]ailure to comply with the forthwith service demand of § 742 is a jurisdictional defect which denies a court subject matter jurisdiction in the controversy." *Amella,* 732 F.2d at 713. The Ninth Circuit agreed with the district court that personal service 63 days after the action was filed was not forthwith. *Id.* at 713. The *Amella* court considered the argument, made here by plaintiff, that service within the 120–day period mandated by Federal Rule of Civil Procedure 4(j) should be considered forthwith. However, the court rejected that argument on two grounds. First, the court found that the assumption that the Federal Rules of Civil Procedure could amend an act of Congress was "dubious." *Id.* Second, the court held that the 120–day service period "fixes an outer limit

on service but does not indicate what lesser time period qualifies as forthwith." *Id.*

The *Amella* court also considered the fact that the U.S. Attorneys office had actual notice of the suit, and found that such notice was irrelevant, since "[s]ection 743 requires forthwith service, not notice." *Id.* Thus, the *Amella* court has considered and rejected the arguments put forth by plaintiff in this action.

### B. *Sovereign Immunity*

The notion that § 743 sets forth a jurisdictional requirement is based on the doctrine of sovereign immunity. *Kenyon v. United States,* 676 F.2d 1229, 1231 (9th Cir.1981). As sovereign, the United States is immune from suit unless it consents to be sued; the terms of its consent to be sued in any court define that court's jurisdiction. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The United States Supreme Court has stated that in suits arising under the SIAA, "statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon v. United States,* 342 U.S. 25, 27 n. 5, 72 S.Ct. 17, 19 n. 5, 96 L.Ed. 26 (1951).

Plaintiff urges this Court to reject the principle of sovereign immunity in finding that forthwith service is not a jurisdictional requirement. Plaintiff may be correct in arguing that sovereign immunity would seem to have little to do with an essentially technical requirement regarding service. However, this Court is not at liberty to ignore the long-held doctrine of sovereign immunity, despite the unquestionably harsh results here.

### C. *Third Circuit Approach*

Plaintiff also urges this Court to follow the Third Circuit in finding that Federal Rule of Civil Procedures 4(j) supersedes the requirement of forthwith service contained in the SIAA. *Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62 (3d Cir. 1985). In *Jones & Laughlin Steel,* the Third Circuit held that the SIAA's requirement of forthwith service "is not jurisdictional but rather is procedural." *Id.* at 66. That court found that Rule 4(j) must be read in light of 28 U.S.C. § 2072, which provides that "[a]ll laws in conflict with [the Federal Rules of Civil Procedure] shall be of no further force or effect after such rules have taken effect." *Id.* at 66. The Court then concluded that Rule 4(j) supersedes the SIAA's requirement of forthwith service. *Id.*

This Court finds the Third Circuit approach reasonable, particularly in light of the inherently ambiguous nature of the term forthwith. This Court also believes that rejecting the argument that § 742 is jurisdictional leads to a fairer result. However, the Ninth Circuit has considered and rejected this very argument. *Amella,* 732 F.2d at 713. This Court is not free to abandon Ninth Circuit authority in favor of the law of the Third Circuit, and is therefore compelled to likewise reject this argument.

### D. *Equal Protection*

■ Plaintiff additionally makes the argument that the SIAA's requirement of forthwith service places litigants who sue the government in a "disadvantageous position" as compared to those who sue private parties. Plaintiff cites no case law for the proposition that such litigants are a "suspect class," nor is such a position reasonable. Plaintiff's only citation is to Judge Friendly's concurrence in *Battaglia v. United States,* 303 F.2d 683 (2d Cir.1962), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962), in which Judge Friendly supposed that the SIAA was designed to place the government in the same position as a private litigant. However, the court in *Battaglia* dismissed plaintiff's complaint for failure to satisfy the SIAA's waiver of sovereign immunity. Judge Friendly's dicta in that case does not support plaintiff's claim for equal protection.

## IV. CONCLUSION

It appears to this Court that the SIAA's requirement of forthwith service is actually a procedural rather than a jurisdictional one. However, this Court is bound by Ninth Circuit law and has no choice but to dismiss plaintiff's action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Like the Ninth Circuit,

"[w]e may not like § 742, but we cannot ignore it." *Amella*, 732 F.2d at 714, nor can we ignore the dictates of Ninth Circuit law. Accordingly, defendant's motion is GRANTED and this case is hereby DISMISSED.

IT IS SO ORDERED.