Janice C. McLAUGHLIN, individually and as wife and personal representative of Dennis McLaughlin, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 86–0328–P.

United States District Court, D. Maine.

Sept. 18, 1987.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

### (Fed.R.Civ.P. 12(b)(1) and 12(b)(6))

GENE CARTER, District Judge.

### I. *Procedural Background*

This matter is before the Court for decision on the Defendant's motion to dismiss the complaint herein pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), which motion was filed on June 30, 1987. The motion has now been fully briefed and the Court will discuss herein the merits of the Defendant's second basis for the motion; namely, that the United States does not have a duty to undertake a search-and-rescue mission.[1]

In ruling upon this motion under Fed.R.Civ.P. 12(b)(6), the Court is to consider the factual allegations of the complaint and view them in a light most favorable to the Plaintiff. *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir.1976); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### II. *Facts*

The facts alleged in the complaint may be briefly stated. On April 22, 1985, Plaintiff's decedent, Petty Officer Dennis McLaughlin, went fishing in the Oak Harbor, Washington area. He launched his canoe from the west beach area of Whidbey Island at approximately 11:30 a.m. The weather at that time was partly sunny with winds light and variable. Visibility was clear and in excess of seven miles.

At approximately 1:00 p.m., Mrs. Newell observed from the shore a canoe situated about in the middle of a channel between Smith and Whidbey Islands. At approximately 1:15 p.m. she telephoned the local Coast Guard facility and spoke with Coast Guard Duty Officer Jim Egbert at the

Frederick A. Busconi, David A. Capobianco, Natick, Mass., for plaintiff.

R. Scott Blaze, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, D.C., David R. Collins, Asst. U.S. Atty., Portland, Me., for defendant.

---

1. The first basis of the motion is that this Court is without subject matter jurisdiction because of the Plaintiff's failure to comply with the "forthwith" service requirements of 46 U.S.C. § 742. On September 15, 1987, the Court acted, by endorsement, on the Plaintiff's motion to amend the complaint to substitute the United States of America as a party defendant, granting the motion on the basis of *Jones & Laughlin Steel v. Mon River Towing, Inc.*, 772 F.2d 62 (3d Cir. 1985). This action renders moot the first basis of the motion to dismiss, and the fact that the authorized amendment relates back to the date of filing of the original complaint, Fed.R.Civ.P. 15(c), removes any statute of limitations bar to the action due to the expiration of any applicable period of limitation since this case was filed on October 20, 1986.

Coast Guard Rescue Coordination Center. She informed Egbert that a man in a canoe was attempting to return to Whidbey Island and was situated in "a very bad place" approximately one mile off shore, and that because of the current and wind he was not making any progress. She stated that he was alone and without a life jacket. Weather reports for the day in question indicate that sometime after 12:00 noon, strong south-southwesterly winds began averaging fifteen knots, with gusts up to twenty knots, prompting the issuance of small craft advisories which were changed to gale warnings later that afternoon.

On receipt of Mrs. Newell's call, Mr. Egbert stated that he would call her back in fifteen to twenty minutes to see how the canoeist was doing. He did so at about 1:25 p.m. and inquired of the status of the canoe. Mrs. Newell informed him that the canoeist had changed course, heading in a more northeasterly direction away from Whidbey Island, and that he was still probably an hour offshore. She stated that the water was "whitecapping" now. She said that there were no boats or ships in the area and that she soon would be losing sight of the canoeist. Following this communication, Egbert and other Coast Guard officials chose not to respond to the information about the canoeist and failed to take any measures to secure or maintain the safety or well-being of the canoeist.

At approximately 8:49 p.m. Plaintiff reported to the local authorities that her husband, Petty Officer McLaughlin, had not returned from a fishing trip. The Coast Guard commenced the search-and-rescue operation at approximately 8:50 p.m. The canoe of the Plaintiff's decedent was located at about 6:30 a.m. on April 23, 1985, and the search-and-rescue operation was suspended at 1:15 p.m. on that day without locating Plaintiff's decedent. On May 7, 1985, Plaintiff's decedent was declared dead by the commanding officer of the naval air station on Whidbey Island.

The Plaintiff's complaint sounds in negligence in two counts, the operative allegations of negligence being as follows:

19. The United States Coast Guard operates, manages and controls a Rescue Coordination Center located in Seattle, Washington, which is primarily responsible for search and rescue procedures within the area where the decedent was last sited [sic].

20. Because Duty Officer Jim Egbert, as agent, officer or employee of the Defendant, negligently, recklessly, and carelessly concluded that the decedent was not in any danger, *the United States Coast Guard failed to properly respond to the distress call.*

Complaint at 4 (emphasis added). Count I seeks to recover monetary damages for the decedent's conscious pain and suffering for the benefit of the estate of the decedent and its beneficiaries. Count II of the complaint sets forth claims by the Plaintiff and the decedent's minor children for wrongful death based upon the allegations of negligence set forth in Count I.

### III. *Discussion*

The applicable provisions of law are well established. As this Court has previously noted:

When the Coast Guard volunteers to render assistance to a distressed vessel, it may be held liable in an action for negligence if it fails to proceed with reasonable care and if the lack of care is the proximate cause of injury to persons or property. *United States v. Sandra & Dennis Fishing Corp.*, 372 F.2d 189 (1st Cir.1967); *Wellington Transportation Co. v. United States*, 481 F.2d 108, 110–11 (6th Cir.1973); *see Indian Towing Co., Inc. v. United States*, 350 U.S. 61, 69, 76 S.Ct. 122, 126–127, 100 L.Ed. 48 (1955).

*Miller v. United States*, 614 F.Supp. 948, at 954 (D.Me.1985). It is equally well established, however, that

[t]here is no affirmative duty on the Coast Guard to institute a search even if a court would have considered its refusal unreasonable. Congress, in its legislation and its appropriations, not the courts, sets the limits of the Coast

Guard's obligations, short of some affirmative tort, and it has not set such a duty. *Daley v. United States,* 499 F.Supp. 1005, at 1009 (D.Mass.1980) (per Aldrich, S.C.J.) (omitting citations). Even if the Coast Guard undertakes action aimed at search or rescue, it incurs a legal obligation to conduct its efforts carefully only if the Coast Guard "worsens the subject's position" or induces others to rely on the Coast Guard's efforts, thereby inducing their forebearance from rendering assistance or aid which they would otherwise have done. *Daley,* 499 F.Supp. at 1010; *United States v. Sandra & Dennis Fishing Corp.,* 372 F.2d 189 (1st Cir.1967), *cert. denied,* 389 U.S. 836, 88 S.Ct. 48, 19 L.Ed.2d 98 (1967).

Taking the broadest possible reading of the allegations of the complaint, it is clear beyond any doubt that it sets forth a rather narrow claim that the Coast Guard, in concluding that Plaintiff's decedent "was not in any danger" and its alleged failure "to properly respond to the distress call," was negligent. Complaint at 4. This reading of the complaint is confirmed by the Plaintiff's trial brief, filed on June 2, 1987, wherein it is stated as follows:

> The Coast Guard specifically failed to properly respond to Newell's distress call in the following ways:
>
> (1) Failed to have experienced, qualified personnel on watch;
>
> (2) Did not inquire as to weather conditions;
>
> (3) Did not inquire as to water conditions;
>
> (4) Did not notify local authority to investigate;
>
> (5) Failed to respond after being advised of water conditions;
>
> (6) Failed to respond after being advised that the canoeist was not proceeding in a direction towards shore;
>
> (7) Failed to respond after being advised that the canoeist was alone in the area and that no other boats were in sight.

Plaintiff's Trial Brief at 4. The claim is clearly limited to one that the Coast Guard negligently failed to institute any search or rescue operation. As such, it falls squarely within the holding of Judge Aldrich in *Daley,* 499 F.Supp. at 1009, "that there can be no liability placed on the Coast Guard for its failure to start the active search earlier than it did, whether that be thought reasonable or unreasonable under the circumstances."

It is clear that Plaintiff's claim cannot survive a motion to dismiss for failure to state a claim in view of the well-established principle that the Coast Guard is under no obligation to initiate search or rescue activity and that a failure to do so is not subject to evaluation by a court for reasonableness. Further, on the facts here alleged, even if such activity had been undertaken by the Coast Guard personnel involved, there is no sufficient allegation that such activity would have induced reliance on the part of Plaintiff's decedent, Mrs. Newell, or anyone else, which caused the Plaintiff's decedent any affirmative injury.

### IV. *Order*

Accordingly, Plaintiff's complaint does presently fail to state a claim upon which relief can be granted, and the Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is hereby *GRANTED* unless the Plaintiff shall amend the complaint within twenty (20) days of this date to state a claim upon which relief can be granted.