Michael **LIBBY**, Plaintiff–Appellee,

v.

**UNITED STATES of America,**
**Defendant–Appellant.**

No. 87–3305.

United States Court of Appeals,
Eleventh Circuit.

March 21, 1988.

---

Alan B. Vlcek, Jacksonville, Fla., for defendant-appellant.

Mark S. Peters, Stevens & Oeters, Merritt Island, Fla., and Laurence F. Valle, Dixon, Dixon, Nicklaus & Valle, Miami, Fla., for plaintiff-appellee.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HILL, Circuit Judge:

The United States appeals from the denial of its motion to dismiss this suit brought under the Public Vessels Act (PVA), 46 U.S.C. § 781 *et seq.* The government argues that the United States Attorney was not served in a timely fashion. We disagree and affirm the decision of the district court.

Michael Libby was injured on board a vessel owned by the United States on March 29, 1984. Libby initially filed suit against the operator of the vessel, RCA Corporation, who was Libby's employer. On March 28, 1986 Libby filed this action against the United States in the United States District Court for the Middle District of Florida. The complaint and summons were sent to the Attorney General on April 18, 1986, and the United States Attorney was served on April 21, 1986.

The United States moved to dismiss the action for failure to serve the United States Attorney "forthwith" as required by the Suits in Admiralty Act (SAA), 46 U.S.C. § 742. The PVA, which provides jurisdiction in this case, specifically incorporates the requirements of the SAA for suits against the United States. *See* 46 U.S.C. § 782. The district court, 657 F.Supp. 1251, held that the "forthwith" service requirement of section 742 was superceded by Rule 4(j) of the Federal Rules of Civil Procedure, which requires service within 120 days. The district court relied on *Jones and Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62 (3d Cir. 1985). Under Rule 4(j) the service in this case was timely. Alternatively, the district court held that service was accomplished forthwith in this case because the 24 day delay was not unreasonable. On appeal the government contends that Rule 4(j) is not applicable and that service was not accomplished forthwith.

We are required to determine whether the forthwith service requirement contained in 46 U.S.C. § 742 is procedural only and therefore supplanted by Fed.R.Civ.P. 4(j). This issue has split those circuits that have dealt with the question thus far. The Second and Ninth Circuits have held that the forthwith service requirement in section 742 is part of the waiver of sovereign immunity and thus jurisdictional in nature. *See Watts v. Pinckney,* 752 F.2d 406, 408 (9th Cir.1985); *City of New York v. McAllister Brothers, Inc.,* 278 F.2d 708, 709–10 (2d Cir.1960). Given that premise, the Ninth Circuit has held that the Federal Rules of Civil Procedure cannot supersede section 742's requirements. *See Amella v. United States,* 732 F.2d 711, 713 (9th Cir. 1984). The Third Circuit, however, has held that the forthwith service requirement of section 742 is procedural only, and therefore superseded by Fed.R.Civ.P. 4(j). *See Jones and Laughlin Steel,* 772 F.2d at 66.

We begin our analysis with the language and structure of the SAA. In 1920 Congress waived the sovereign immunity of

the United States "[i]n cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained...." 46 U.S.C. § 742. As a condition to that waiver Congress required the following: "[t]he libelant shall forthwith serve a copy of his libel on the United States Attorney for such district...." *Id.* The procedures governing such suits against the United States are specified in 46 U.S.C. § 743: "[s]uch suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties."

The fact that the waiver of sovereign immunity is declared in section 742, while the procedures governing admiralty suits against the United States are specified in section 743, indicates that the requirements contained in section 742 are more than procedural. It is clear that the conditions contained in section 742 must be met before sovereign immunity is waived and before the action can proceed under any set of rules. Thus we conclude that the conditions contained in section 742, including the forthwith service requirement, are necessary terms of the government's consent to be sued.

It cannot be gainsaid that the conditions the government places upon its liability to suit are jurisdictional in nature: "[i]t is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). It is clear then that the forthwith service requirement, which is a necessary condition to the government's consent to be sued under section 742, is a jurisdictional requirement. Given this foundation, we turn to the question of whether Rule 4(j) supersedes the forthwith service requirement.

■ Under 28 U.S.C. § 2072, the Federal Rules of Civil Procedure supersede all conflicting laws: "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." The provision specifies, however, that "[s]uch rules shall not abridge, enlarge or modify any substantive right...." 28 U.S. C. § 2072. According to section 2072, Rule 4(j) may supersede the forthwith service requirement contained in section 742 of the SAA only if that requirement does not involve substantive rights. We conclude that section 742 does involve substantive rights and that Rule 4(j) cannot modify the service requirements in that section.

As noted above, the forthwith service requirement is a term of the government's consent to be sued. The requirement defines the scope of the government's liability to be sued and defines a litigant's right to sue the government. As such, the requirement cannot be brushed off or superseded as merely procedural. A short time after the Federal Rules were first promulgated, the Supreme Court stated the following:

> But we think that nothing in the new rules of civil practice so far as they may be applicable in suits brought in district courts under the Tucker Act authorizes the maintenance of any suit against the United States to which it has not otherwise consented. An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction....
>
> ....
>
> ... The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Rules of Civil Procedure, which prescribe the methods by which the jurisdiction of the federal courts is to be exercised but do not enlarge the jurisdiction.

*Sherwood,* 312 U.S. at 589–90, 61 S.Ct. at 771. An action in the district court may not proceed according to any set of rules unless that court has first obtained jurisdiction over the action. When the United States is the defendant, jurisdiction lies only if the requirements of the applicable waiver of sovereign immunity provision are met. In this case, the district court's jurisdiction over the suit could be established only if the requirements of section 742 were met. Thus we conclude that the forthwith service requirement of section 742 is jurisdictional, that it involves the substantive rights of the parties, and that it was not superceded by Rule 4(j). We therefore reverse the district court insofar as it held that Rule 4(j) supersedes the forthwith service requirement.

■ Having found that the forthwith service requirement is applicable in this case, we turn to the district court's alternative holding that service was accomplished forthwith in this case. The government argues that forthwith means immediately and that the 24 day delay which occurred in this case was not forthwith. Appellant argues that forthwith means "within a reasonable time," and that the district court correctly found that 24 days was not an unreasonable delay. We agree with the district court that service in this case was accomplished forthwith.

The term "forthwith" is not a new one in the law, but it has been defined with little precision through the years. Currently there are cases finding various periods of time that can or cannot fit within the meaning of forthwith. *See, e.g., Amella,* 732 F.2d at 713 (63 days not forthwith); *Battaglia v. United States,* 303 F.2d 683 (2d Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962) (over 4 months not forthwith); *Halperin v. United States,* 610 F.Supp. 8 (S.D.Fla.1985) (93 days not forthwith); *Gajewski v. United States,* 540 F.Supp. 381 (S.D.N.Y.1982) (18 days is forthwith). We find, however, that there is little guidance in the case law that would aid this court in attempting to quantify the amount of delay contemplated by the term "forthwith."

In an opinion which is binding on this panel the Fifth Circuit stated the following: "[t]he word 'forthwith' is deliberately undefined, in our view, to allow courts to interpret it in the context of 'reasonableness,' on a case-by-case basis. We are convinced that 'forthwith' requires no more or less than reasonable promptness, diligence or dispatch...." *United States v. Bradley,* 428 F.2d 1013, 1015–16 (5th Cir.1970) (footnote omitted). This construction is supported by the definition contained in Black's Law Dictionary, which includes the following: "within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch." Black's Law Dictionary, 588 (5th ed. 1979). Thus, our inquiry in the present case is whether the service was accomplished with reasonable promptness and dispatch.

■ In assessing the reasonableness of the speed with which one acts it is essential to consider the act which one is performing. In this case the act is service of process. While we have held above that Rule 4(j) is not directly applicable to this case, we believe that the rule provides helpful guidance in assessing what period of time is considered reasonable with respect to service of process. *See Bradley,* 428 F.2d at 1015 (ten-day period specified in Fed.R.Crim.P. 41(d) used to help define "forthwith" requirement contained in Fed.R.Crim.P. 41(c) which governs searches and seizures). Rule 4(j) requires service upon a defendant within 120 days after the filing of a complaint. The rule represents an informed and considered judgment that 120 days is a reasonable period of time within which to achieve service. It is thus an appropriate benchmark in evaluating whether service was accomplished with reasonable dispatch.

Given that the Federal Rules of Civil Procedure generally permit service within 120 days after the filing of a complaint, we conclude that the district court did not err in finding that 24 days was not an unreasonable delay. While it may be that service could have been achieved more quickly, we are unable to say that service here was not accomplished with reasonable dis-

patch. Moreover, if this case is considered in terms of a numerical graph established by previous cases, it clearly falls at a point closer to the 18 days which was approved of in *Gajewski*, 540 F.Supp. at 384, than it does to the majority of cases where a given delay was rejected. We therefore affirm the district court's decision that service was accomplished forthwith as required by 46 U.S.C. § 742.

For the reasons stated above, the decision of the district court is

AFFIRMED.