Richard **ERDMAN**, Plaintiff,

v.

**HUDSON WATERWAYS CORP.**, et al., Defendants.

No. 88 CIV. 6752 (SWK).

United States District Court, S.D. New York.

May 31, 1989.

---

707

Joel C. Glanstein, New York City, and Selker, Furber & Spotts, Cleveland, Ohio by David M. Spotts, of counsel, for plaintiff.

U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C. by J. Charles Krause, Sp. Litigation Counsel, for defendants.

KRAM, District Judge.

This action is brought to recover damages for alleged injuries sustained by plaintiff while he served as a seaman aboard ships owned by the United States government. Plaintiff has asserted a claim under the Jones Act, 46 U.S.C.App. § 688, the general maritime law, and 28 U.S.C. § 1332. Defendant United States government has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the basis that plaintiff did not comply with the forthwith service requirement of the Suits in Admiralty Act ("SAA"), 46 U.S.C.S.App. § 742.

Background

Plaintiff is an American seaman who allegedly suffers an illness resulting from exposure to asbestos while serving aboard government-owned vessels. Plaintiff was diagnosed on October 31, 1986 as having changes in both lung bases resulting from exposure to asbestos. Section 745 of Title 46 U.S.C.S.App. prescribes that suits authorized under the SAA, such as this one, may be brought only within two years after the cause of action arises. The parties do not dispute that the limitations period expired on October 31, 1988.

Plaintiff filed suit on September 27, 1988 and properly served the United States Attorney General by registered mail as required by 46 U.S.C.S.App. § 742 within the statutory period. Plaintiff also served the United States Attorney for the Southern District of New York by certified mail within the statutory period but the United States Attorney refused service by mail on the grounds that it was improper. Subsequently, plaintiff served the United States Attorney by personal service on December 16, 1988, and again served the United States Attorney General by certified mail service on December 19, 1988.

Discussion

■ Defendant argues that because plaintiff did not properly serve the United States Attorney until December 16, 1988, 80 days after filing suit, plaintiff has failed to comply with the forthwith service requirement of the SAA, 46 U.S.C.App. § 742. This section states that "(t)he libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States". Defendant maintains that the forthwith service requirement of 46 U.S.C.App. § 742 is a jurisdictional condition precedent to the government's waiver of sovereign immunity. Defendant contends that because plaintiff has failed to meet the forthwith service requirement this court lacks subject matter jurisdiction and must dismiss the case pursuant to Rule 12(b)(1).

Plaintiff maintains that Rule 4(j), which allows 120 days after filing of a suit for service to be effected, supersedes the forthwith service requirement of § 742. Plaintiff argues that his compliance with this rule's service requirement, which Congress enacted in 1983, gives this court jurisdiction over the matter. Plaintiff's contention is that the Rules Enabling Act, 28 U.S.C. § 2072, which states that "all laws in conflict with (the Federal Rules of Civil Procedure) shall be of no further force or effect after such rules have taken effect", nullifies the forthwith service requirement of § 742 because the forthwith service requirement is procedural, not jurisdictional, in nature. Congressional enactment of Rule 4(j), according to plaintiff, evinces legislative intent to include all suits against the United States within its parameters.

Although the Second Circuit has not considered this specific issue, other circuits have. The Eleventh Circuit ruled, in *Libby v. United States*, 840 F.2d 818 (11th Cir. 1988), that the prerogative of the government to define the limits of its waiver of sovereign immunity constitutes a "substantive right" specifically exempted by the

Rules Enabling Act, 28 U.S.C. § 2072, which states that Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 840 F.2d at 820. The *Libby* court concluded that "section 742 does involve substantive rights and that Rule 4(j) cannot modify the service requirements in that section." *Id.* The Ninth Circuit has similarly held that "failure to comply with the forthwith service demand of § 742 is a jurisdictional defect which denies a court subject matter jurisdiction in the controversy", and accordingly affirmed the dismissal of plaintiff's action. *Amella v. United States*, 732 F.2d 711, 713 (9th Cir.1984).

The Third Circuit has reached the opposite conclusion, however, in holding that the forthwith service requirement is procedural rather than jurisdictional, and was therefore superseded by Rule 4(j). *Jones and Laughlin Steel v. Mon River Towing Inc.*, 772 F.2d 62, 66 (3d Cir.1985). The *Jones* court first noted that the 1966 Amendments to the Rules of Civil Procedure for the United States District Courts "unified, generally speaking, admiralty procedure with the Federal Rules of Civil Procedure." *Id.* at 66. The court then went on to conclude that the newly enacted Rule 4(j), when read in combination with the Rules Enabling Act provision nullifying inconsistent statutes, supersedes the forthwith requirement of the SAA.

The *Jones* court specifically rejected *Battaglia v. United States*, 303 F.2d 683 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962), in which the Second Circuit held that the forthwith service requirement is jurisdictional. In *Battaglia*, the Second Circuit held that the forthwith service requirement is a jurisdictional prerequisite to the government's waiver of sovereign immunity and affirmed the district court's dismissal of the action for lack of subject matter jurisdiction because the libelant "had failed to effect service of process on the United States in that he failed to serve a copy of the libel on the Attorney General of the United States and file an affidavit as required by 46 U.S.C. §§ 742 and 782." *Id.* at 684. This Court and the Eastern District have ruled that

the requirement is not merely one of procedure, but a jurisdictional condition precedent to maintenance of an action under the SAA. *See Pezzola v. United States*, 618 F.Supp. 544, 545–48 (E.D.N.Y.1985); *Allen v. United States*, No. 84 Civ. 5717 (CLB), slip op. at 1 (S.D.N.Y. Oct. 31, 1984); *cf. Wright v. United States*, No. 87 Civ. 0013 (WCC), slip op., 1987 WL 18650 (S.D.N.Y. October 14, 1987) (available on Lexis: 1987 U.S.Dist. 9271) (two-year statute of limitations in SAA is jurisdictional and cannot be waived).

■ This Court is bound the Second Circuit's decision that § 742 creates jurisdictional prerequisites to suit. Judge Friendly, who "reluctantly" concurred in the *Battaglia* decision for the same reason, noted the "Draconian" effect that rigid application of the forthwith service requirements entails. 303 F.2d at 686–87. His criticism is worth repeating:

I cannot believe that Congress meant anything of the kind [referring to the majority's conclusion that every failure by a libelant to comply with a procedural step outlined in the SAA is jurisdictional]; I should have supposed that, once Congress gave the basic consent to sue the United States, as it did in the first sentence of § 2 of the Suits in Admiralty Act, 46 U.S.C.[S. Appx] § 742, it was content to have the courts decide the effect of various procedural lapses in the same manner as "if such vessal were privately owned or operated."

*Id.* at 686. Based on *Battaglia*'s holding that the service requirements in the SAA are jurisdictional, and not subject to any modification, the Court finds that the analysis employed by the Eleventh and Ninth circuits is applicable here. Absent congressional action, or reconsideration by the Second Circuit, failure to comply strictly with such requirements brings an action outside the scope of the government's waiver of sovereign immunity, and divests the Court of subject matter jurisdiction. *Battaglia, supra*, 303 F.2d at 686. The government's consent to suit must be strictly interpreted "since it is a relinquishment of a sovereign immunity." *United*

States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1940). The Court concludes that Rule 4(j) does not supersede the forthwith service requirement of § 742.

The conclusion that the service requirement of § 742 is applicable requires the Court to determine whether service on the United States Attorney was effected in a forthwith manner. This Court ruled in *Allen v. United States, supra,* that a "mailing by ordinary mail some 54 days after the action was filed, and after the statute of limitations had expired, hardly meets the definition of 'forthwith'." Slip op. at 1. The Second Circuit has similarly held in *City of New York v. McAllister Bros. Inc.,* 278 F.2d 708 (2d Cir.1960), that service more than two months after the filing was not forthwith service. The Court stated that " 'forthwith' means immediately, without delay, or as soon as the object may be accomplished by reasonable exertion." *Id.* at 710. The Ninth Circuit has similarly held that "service effected 58 days after the filing of the complaint was not forthwith service under § 742", at least once the statute of limitations has run. *Owens v. United States,* 541 F.2d 1386, 1387 (9th Cir.1976). Similarly, in *Barrie v. United States,* 615 F.2d 829 (9th Cir.1980), the court held that service on the United States Attorney and the Attorney General, 62 and 64 days, respectively, after the filing of the lawsuit was not forthwith. *Id.* at 830. In accordance with these holdings, Judge Kennedy, in *Amella* ruled that service 63 days after filing was not forthwith. 732 F.2d at 713. It is thus clear that service on the United States Attorney some 80 days after filing the action does not constitute "forthwith" service.

### Conclusion

The case law on point compels this Court to conclude that service by plaintiff Erdman on the United States Attorney 80 days after filing the suit was not service forthwith under 46 U.S.C.S.App. § 742. The finding by this court that service was not effected forthwith renders consideration of the tolling of the statute of limitations un-necessary. The complaint is thus dismissed.

SO ORDERED.