Robert LANDRY, Jr.

v.

**UNITED STATES of America and American Foreign Shipping Co., Inc.**

Robert LANDRY, Jr.

v.

**UNITED STATES of America, American Foreign Shipping Co., Inc., John Doe, and Lykes Bros. Steamship Co., Inc.**

Nos. 1:92–CV–0264, 1:92–CV–0549.

United States District Court, E.D. Texas, Beaumont Division.

March 1, 1993.

Richard A. Thalheim, Jr., Thibodaux, LA, Joseph Charles Blanks, Reaud, Morgan & Quinn, Beaumont, TX, for plaintiffs.

Olen Kenneth Dodd, Asst. U.S. Atty., Beaumont, TX, Stuart M. Gerson, Timothy R. Lord, Office of Atty. Gen., Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS AND ORDER OF SEVERANCE

SCHELL, District Judge.

CAME ON TO BE CONSIDERED the "United States' Motion to Dismiss American

Foreign Shipping Co., Inc. and Motion to Dismiss Defendant United States" and the court, after reviewing the motion, the plaintiff's response in opposition, and the pleadings of record, is of the opinion that this Motion to Dismiss American Foreign Shipping in Civil Action No. 1:92–CV–0264 should be GRANTED either as a motion to dismiss or as a motion for summary judgment, and the Motion to Dismiss the United States in Civil Action No. 1:92–CV–0264 should be GRANTED.

## I. BACKGROUND

Robert Landry, Jr. was employed as a longshoreman on December 19, 1990, to work on the M/V CAPE CATAWBA. At the time of the alleged incident, the ship was in port at Beaumont, Texas. While on board, Landry was injured when he fell from a ladder. Landry alleges the injuries were caused by the negligence of the crew and condition of the vessel. The ship was owned by the United States and American Foreign Shipping Co., Inc. ("AFS") provided the crew.

Landry filed suit against the United States and AFS in this court on June 25, 1992, Civil Action 1:92–CV–0264. Service on the United States Attorney for the Eastern District of Texas was not effected until October 13, 1992. On December 17, 1992, the United States filed a motion to dismiss both the United States and AFS. As grounds for dismissal of the defendant United States of America, the United States contends that the 110 day delay between filing and service was not "forthwith" as required by § 2 of the Suits in Admiralty Act ("SAA"), 46 U.S.C.App. §§ 741–752. The United States sought dismissal of AFS on the basis that because AFS was an agent of the United States, § 5 of the SAA precludes liability for AFS.

Not until January 12, 1993 did Landry file a response. Prior to the response, Landry refiled his lawsuit in Judge Cobb's court in this division on December 18, 1992, Civil Action No. 1:92–CV–0549. This new lawsuit, filed after the instant motion to dismiss and one day before the two year SAA statute of limitations had run, contains essentially the same allegations against both the United States and AFS, and added two new defendants, Lykes Brothers Steamship Company, Inc., and a "John Doe." Judge Cobb transferred 1:92–CV–0549 to this court and consolidated it with 1:92–CV–0264. On January 14, 1993, the court issued its "Notice that the Court Could Treat the United States' Motion to Dismiss American Foreign Shipping Co., Inc., in Civil Action 1:92–CV–0264 as a Motion for Summary Judgment and Notice that the Court Has Accepted and Will Accept for Consideration Matters outside the Pleadings."

## II. FORTHWITH SERVICE ON THE UNITED STATES ATTORNEY

■ Landry's 110 day delay in serving the United States attorney requires dismissal without prejudice of the claim against the United States in 1:92–CV–0264. Without a waiver of sovereign immunity, the United States cannot be sued. *Lynch v. United States,* 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434 (1934). The SAA and the Public Vessels Act ("PVA"), 46 U.S.C.App. §§ 781–790 provide a limited waiver of sovereign immunity for certain maritime suits against the United States. By its own terms, the PVA incorporates the provisions of the SAA, except where inconsistent. 46 U.S.C.App. § 782. Section 2 of the SAA states that "[t]he libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, ..."

Landry contends and some courts have held that the "forthwith" requirement in § 742 is merely procedural and has been superseded by the enactment of Fed.R.Civ.P. 4(d)(4) and 4(j). *See, e.g., Jones & Laughlin Steel v. Mon River Towing, Inc.,* 772 F.2d 62 (3d Cir.1985); *Diversified Marine Int'l, Inc. v. United States,* 774 F.Supp. 1005 (E.D.La. 1991); *Phillips v. United States Army Corps of Eng'rs,* 629 F.Supp. 967 (S.D.Miss.1986). Thus, Landry contends as long as service and filing are within the limitations period, and as long the service satisfies the 120 day requirement in Fed.R.Civ.P. 4(j), service is sufficiently timely. However, most circuits which have addressed the question, including

the Fifth Circuit, espouse the view that failure to effect service "forthwith" is a jurisdictional defect which leaves the district court without subject matter jurisdiction. *Kieu v. United States*, No. 91–4596, slip op. at 3 (5th Cir. Jan. 21, 1992) [953 F.2d 643 (table)] (affirming a dismissal by this court and quoting the 9th Circuit case of *Amella v. United States*); *Libby v. United States*, 840 F.2d 818, 820 (11th Cir.1988); *Amella v. United States*, 732 F.2d 711, 713 (9th Cir.1984); *Kenyon v. United States*, 676 F.2d 1229, 1231 (9th Cir.1981); *Battaglia v. United States*, 303 F.2d 683, 685 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962).

Regardless of whether service is within the limitations period, a 110 day delay between filing and service is not "forthwith" service. *Amella*, 732 F.2d at 713 (even if service precedes running of limitations, 63 days is not forthwith); *Battaglia v. United States*, 303 F.2d at 685; *City of New York v. McAllister Bros., Inc.*, 278 F.2d 708, 710 (2d Cir. 1960) (no reasonable construction of "forthwith" permits service two months after filing, even if service is before limitations expires); *Libby*, 840 F.2d at 821–22 (24 days is forthwith); *see also; Kenyon*, 676 F.2d at 1230–31 (60 days is not forthwith when service is after limitations expires); *Barrie v. United States*, 615 F.2d 829, 830 (9th Cir.1980) (62 and 64 days is not forthwith when service is after limitations expires); *Owens v. United States*, 541 F.2d 1386, 1388 (9th Cir.1976) (58 days is not forthwith after limitations expires), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977). To hold that "forthwith" merely requires service within the two year limitations period would render the requirement of "forthwith" service meaningless. *McAllister Bros.*, 278 F.2d at 710. This court therefore lacks subject matter jurisdiction over the claim against the United States in 1:92–CV–0264 and it is hereby dismissed without prejudice.

## III. LIABILITY OF AGENTS AND EMPLOYEES OF THE UNITED STATES

### A. The Test for Agency

■ Section 5 of the SAA provides "where a remedy is provided by this Act it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States ... whose act or omission gave rise to the claim." This section bars any claim against AFS if AFS was the agent of the United States. *Favorite v. Marine Personnel & Provisioning, Inc.*, 955 F.2d 382, 388 (5th Cir.1992). Agents, for purposes of § 745, include independent contractors who act for a principal with the principal's consent and subject to the principal's overall control and direction in accomplishing something on the principal's behalf. *Petition of the United States*, 367 F.2d 505, 509 (3d Cir.1966), *cert. denied*, 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967); *accord Favorite*, 955 F.2d at 388. "[T]he general statement of an agency concept as enacted include[s] any instrumentality through and by which public vessels [are] operated." *Petition of the United States*, 367 F.2d at 510; *accord Favorite*, 955 F.2d at 388. "Congress intended ... to make governmental liability exclusive throughout a broad spectrum of contractual arrangements for the operation of public vessels...." *Petition of the United States*, 367 F.2d at 511.

### B. Disposal on 12(b)(6) Grounds

■ The United States styles its motion to dismiss AFS as a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 12(b)(1). The United States attorney can properly represent AFS. *Carter v. American Export Isbrandsten Lines, Inc.*, 411 F.2d 1185, 1186 (2d Cir.1969); *see* 28 U.S.C. § 547. To dispose of the claim against AFS in 1:92–CV–0264 on a 12(b)(6) motion, Landry's complaint in that case must on its face establish that AFS was an agent for purposes of § 745.

Paragraph 5 of Landry's complaint in 1:92–CV–0264 alleges, "[a]t all pertinent times, defendant American Foreign Shipping Company, was under contract to the United States to provide the crew which operated the vessel CAPE CATAWBA." Therefore, the United States contracted AFS to procure the means by which M/V CAPE CATAWBA would be manned and maintained. This alle-

1004

gation establishes that AFS was an instrumentality to operate the ship on behalf of the United States.

Paragraph 6 alleges, "[a]t all pertinent times, *defendant [United States] was the* owner, pro hac vice, *person in control of,* charterer, and otherwise responsible for *the vessel M/V CAPE CATAWBA.*" (emphasis added). Paragraph 13 alleges in part that the United States was negligent due to the presence of an unsafe crew. Any direct negligence would therefore have to derive from the United States' ultimate control over AFS. Thus, these allegations clearly establish that the United States retained *overall* control of the M/V CAPE CATAWBA. Therefore, the face of Landry's complaint in 1:92–CV–0264 establishes the agency relationship at the time of the alleged incident, barring any recovery against AFS.

C. Disposal on Summary Judgment Grounds

■ The court also finds that summary judgment is proper. Rule 12(b) provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

With the notice issued on January 14, 1993, the court has properly given notice that it could rely on matters outside the complaint filed in 1:92–CV–0264. When a 12(b)(6) motion is converted to a motion for summary judgment, parties are only entitled to notice that the court *could,* as opposed to will, treat the motion as one for summary judgment. *Isquith v. Middle South Utils., Inc.,* 847 F.2d 186, 195 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); *Clark v. Tarrant County, Texas,* 798 F.2d 736, 746 (5th Cir.1986). If the court is in error in its conclusion that Landry's complaint by itself establishes the agency relationship, then the motion to dismiss AFS in 1:92–CV–0264 is treated as a motion for summary judgment.

Summary judgment is required when there is no genuine issue of material fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ There are two sources of evidence which the court finds conclusively establish the agency relationship in Civil Action 1:92–CV–0264. First, Landry's complaint in Civil Action 1:92–CV–0549 judicially admits the existence of an agency relationship between AFS and the United States. Paragraph 5 of Landry's new complaint alleges, "[a]t all pertinent times, defendant AMERICAN FOREIGN SHIPPING CO., INC., provided or was responsible to provide the crew which operated the vessel M/V CAPE CATAWBA." Paragraph 6 alleges, "[a]t all pertinent times, *defendant AMERICAN FOREIGN SHIPPING CO., INC., was agent and/or operator of the vessel,* and was under contract to the United States to provide the crew which operated the vessel M/V CAPE CATAWBA. (emphasis added). Paragraph 7 alleges the ownership and ultimate control of the M/V CAPE CATAWBA by the United States. These allegations in 1:92–CV–0549 are judicial admissions which conclusively bind Landry in 1:92–CV–0264. *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983). The allegations establish the agency relationship outright. At the very least, they show that AFS was a contract operator, and contract operators are agents for § 745 purposes. *Petition of the United States,* 367 F.2d at 511; *accord Favorite,* 955 F.2d at 388; *Nelsen v. Research Corp. of the Univ. of Hawaii,* 752 F.Supp. 350, 356 (D.Hawaii 1990); *Saffrhan v. Buck Steber, Inc.,* 433 F.Supp. 129, 133 (E.D.La.1977).

■ The second source of summary judgment proof is the General Agency Agreement, numbered DTMA 91–90–A–10010, attached to the United States' motion to dismiss at Exhibit A. No one disputes that the General Agency Agreement, it if applies to the M/V CAPE CATAWBA, conclusively establishes that AFS was an agent of the Unit-

ed States. Article 1 appoints AFS as the general agent of the United States. Article 3 demonstrates that AFS "was acting subject . . . to the government's overall control and direction." *Favorite,* 955 F.2d at 388. The description of duties of AFS found in Article 4 shows that AFS "was acting as a fiduciary of the government, 'undertaking to act on the United States' behalf . . . and subject to control and direction of the United States." *Id.* (citations omitted). Unquestionably, the Service Agreement would establishes that AFS was an agent for the United States. *See Id.*; *Petition,* 367 F.2d at 509–11.

■ Landry's main objection is that there is no competent proof the M/V CAPE CATAWBA was assigned to AFS under the terms of General Agency Agreement DTMA 91–90–A–10010. Some of the documents supplied by the United States refer to a different agreement, MA–11698. Those documents which refer to an assignment under DTMA 91–90–A–10010 are all dated after the time of the alleged incident. The documents are not evidence of an *absence* of an assignment under DTMA 91–90–A–10010 because there is no evidence from anyone with personal knowledge that a diligent search has failed to disclose the existence of such an assignment. *See* Fed.R.Evid. 803(7); Michael Graham, *Federal Practice & Procedure* § 6758 (1992). At the same time, the documents do not demonstrate the presence of an assignment. However, the affidavits of Harry Marshall and Ann T. Danzi state that the terms of the General Agency Agreement applied to the M/V CAPE CATAWBA at the time of the alleged incident.

These affidavits are sufficient, in the absence of controverting evidence, to establish that there is no genuine issue as to whether the M/V CAPE CATAWBA was governed by the terms of the General Agency Agreement. In *Doyle v. Bethlehem Steel Corp.,* 504 F.2d 911, 913–14 (5th Cir.1974), the Fifth Circuit affirmed a grant of summary judgment in a virtually identical case. In *Doyle,* the contract between the operator and the United States established an agency relationship, but the contract itself did not mention the particular ship upon which the injury occurred. *Id.* at 913. The Fifth Circuit held

that, in the absence of opposing evidence, the deposition testimony of two ship's officers that the defendant was the operator of the ship was sufficient to entitle the operator to summary judgment on the basis of § 745. *Id.* at 914. *See also Cruz v. Marine Transp. Lines, Inc.,* 634 F.Supp. 107, 111 (D.N.J.) (affidavit testimony used to establish the control element of the agency relationship for § 745), *aff'd,* 806 F.2d 252 (3d Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987).

Landry's objection to at least Danzi's affidavit is that it is not the "best evidence" of a written assignment. However, the original writing is only required if the offering party is attempting to prove the contents of the writing. Fed.R.Evid. 1002. The United States is not offering the affidavit testimony to prove the contents of any written assignment; instead the United States is merely showing the existence of an agency relationship over the M/V CAPE CATAWBA. The affidavits of Danzi and Marshall establish that AFS's operation of the M/V CAPE CATAWBA was governed by the terms of the General Agency Agreement at the time of the alleged incident, and in the absence of contrary evidence, they are sufficient to support summary judgment for AFS.

Although Landry's allegations against AFS in 1:92–CV–0549 would seem to merit the same treatment, this court declines at this time to rule in that case because no motion has been filed, and at least insofar as that case is concerned, Landry has not received notice of the grounds for summary judgment.

IT IS, therefore, ORDERED that the United States' motion to dismiss the United States is GRANTED with respect to Civil Action No. 1:92–CV–0264 and the United States is hereby DISMISSED WITHOUT PREJUDICE with respect to 1:92–CV–0264. IT IS further ORDERED that the United States' motion to dismiss AFS with respect to Civil Action No. 1:92–CV–0264 is GRANTED, either as a MOTION TO DISMISS, or alternatively as a MOTION FOR SUMMARY JUDGMENT, and AFS is hereby DISMISSED WITH PREJUDICE with respect to 1:92–CV–0264.

IT IS further ORDERED that Civil Action No. 1:92–CV–0264 and Civil Action No. 1:92–CV–0549 are SEVERED. The case shall now proceed under docket number 1:92–CV–0549.