United States Court of Appeals,

Fifth Circuit.

No. 93-3468.

UNITED STATES of America, Plaintiff-Appellant,

v.

Paul HOLMBERG and Mariana C. Holmberg, Defendants-Appellees.

May 2, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WOOD,[1] SMITH and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The United States appeals the denial of its motion to dismiss a suit brought by Paul and Mariana Holmberg under the Suits in Admiralty Act (SAA), 46 U.S.C.App. §§ 741-752. The Government argues that it was not served "forthwith" as required by 46 U.S.C. § 742 of the SAA. We agree and reverse the district court's decision.

BACKGROUND

Paul Holmberg was injured while working as a seaman aboard a vessel owned by the United States through the Maritime Administration and managed by its general agent, OMI Ship Management, Inc. After Paul Holmberg's administrative claim was denied, he and Mariana Holmberg filed a suit under the SAA, which was dismissed without prejudice for failure to effect service. The Holmbergs then filed this suit against OMI and the United States on

_____

[1]Circuit Judge of the Seventh Circuit, sitting by designation.

1

November 18, 1992. They served the United States Attorney 103 days after filing the complaint and served the United States Attorney General 106 days after filing the complaint.

The United States moved to dismiss the action for failure to serve "forthwith" as required by the SAA, 46 U.S.C.App. § 742.[2] The district court held that the forthwith service requirement of § 742 was superseded by Federal Civil Procedure Rule 4(j), which requires service within 120 days. Under Rule 4(j) the service in this case was timely. Accordingly, the district court denied the United States' motion to dismiss, but certified its order for immediate appeal pursuant to 28 U.S.C. § 1292(b). The United States petition for interlocutory review of the district court's order was granted.

DISCUSSION

I.

The issue raised by this appeal is whether the forthwith service requirement in § 742 is procedural and, therefore, superseded by Federal Civil Procedure Rule 4(j). Those circuits that have dealt with this question thus far have split over its answer. The Second, Ninth, and Eleventh Circuits have held that the requirement of forthwith service is a condition of the Government's waiver of sovereign immunity and, thus, a jurisdictional prerequisite. *See Libby v. United States,* 840 F.2d 818 (11th Cir.1988); *Amella v. United States,* 732 F.2d 711 (9th

_____

[2]OMI also moved to dismiss, and the Holmbergs did not oppose it.

Cir.1984); *Battaglia v. United States,* 303 F.2d 683 (2d Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). Accordingly, the forthwith service requirement is not superseded by Rule 4(j). *Libby,* 840 F.2d at 819. The Third Circuit has held, however, that the forthwith service requirement of § 742 is procedural only and superseded by Rule 4(j). *Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62, 66 (3d Cir.1985). Although this is the first time this issue has come before this Court directly, in *Kieu v. United States,* 953 F.2d 643 (1992) (unpublished), we stated in dicta that the failure to comply with the forthwith service demand in § 742 is a jurisdictional defect that denies a court subject matter jurisdiction. Today, we adopt the holding of the majority of circuits and the reasoning of the Eleventh Circuit in *Libby v. United States.*

We begin our analysis with the language and structure of the SAA. The SAA provides a remedy against the United States when it owns or operates a vessel as if that vessel were privately owned or operated. 46 U.S.C.App. § 742. As a condition to that waiver of immunity, § 742 requires that "[t]he libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States...." *Id.* The procedures governing such suit against the United States are specified in 46 U.S.C.App. § 743: "[s]uch suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties."

"The fact that the waiver of sovereign immunity is declared in § 742, while the procedures governing admiralty suits against the United States are specified in section 743, indicates that the requirements contained in section 742 are more than procedural." *Libby,* 840 F.2d at 820. The conditions contained in § 742 must be met before sovereign immunity is waived. Conditions to a waiver of sovereign immunity are necessarily jurisdictional in nature: " "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). As a necessary term of the Government's consent to be sued, the forthwith requirement in § 742 is therefore a jurisdictional requirement.

We turn to the question of whether Rule 4(j) supersedes the forthwith service requirement. Under 28 U.S.C. § 2072, the Federal Rules of Civil Procedure supersede all conflicting laws: "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Section 2072 specifies, however, that the rules of civil procedure will "not abridge, enlarge or modify any substantive right."

"An action in the district court may not proceed according to any set of rules unless the court has first obtained jurisdiction over the action. When the United States is the defendant,

4

jurisdiction lies only if the requirements of the applicable waiver of sovereign immunity provision are met." *Libby,* 840 F.2d at 821. In this case, jurisdiction under the SAA can be established only if the requirements in § 742 are first met. Accordingly, § 742, including the forthwith service requirement, involves substantive rights because it defines the scope of the Government's consent to be sued and defines a litigant's right to sue the Government; it cannot be considered merely procedural. *See Sherwood,* 312 U.S. at 589-90, 61 S.Ct. at 771. Therefore, Rule 4(j) cannot modify the forthwith service requirement in § 742.

## II.

Having found the forthwith requirement applicable in this case, we turn to whether the Holmbergs' service of process was forthwith under § 742. The Holmbergs argue that because the forthwith service requirement is vague, we should look to the rules of civil procedure to supply its definition. We agree that there has been no uniform definition of forthwith. The Second Circuit defines forthwith to mean "immediately, without delay, or as soon as the object may be accomplished by reasonable exertion." *City of New York v. McAllister Bros., Inc.,* 278 F.2d 708, 710 (2d Cir.1960). The Eleventh Circuit has defined forthwith as requiring " "reasonable promptness, diligence or dispatch.' " *Libby,* 840 F.2d at 821 (quoting *United States v. Bradley,* 428 F.2d 1013, 1016 (1970) (defining forthwith in the context of Federal Criminal Procedure Rule 41(c))).

Nonetheless, we conclude that under any definition, service

5

in 103 or 106 days is not forthwith. Although Rule 4(j) may give an appropriate benchmark of what is an unreasonable delay, Rule 4(j) does not define the outer limit of acceptable forthwith service. *See Amella,* 732 F.2d at 713. To construe forthwith as 120 days would essentially read the term "forthwith" out of the statute. Our interpretation of § 742 is in conformity with the other courts that have determined what is forthwith. *See, e.g., id.* (63 days not forthwith); *McAllister Bros.,* 278 F.2d 708, 710 (2d Cir.1960) (over 2 months not forthwith); *Landry v. United States,* 815 F.Supp. 1000, 1003 (E.D.Tex.1993) (110 days not forthwith).

## III.

The Holmbergs argue that if we determine that forthwith service is a jurisdictional requirement, and not superseded by Rule 4(j), we have announced a new rule that should be applied prospectively only. As previously discussed, failure to comply with the forthwith service requirement denies a court subject matter jurisdiction. "A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981).

## CONCLUSION

For the reasons stated above, the district court's decision is reversed, and the case remanded with instructions to dismiss for lack of jurisdiction. REVERSED AND REMANDED.