45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald O'HALLORAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided Dec. 16, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 O'Halloran appeals from the district court's order dismissing his action for lack of subject matter jurisdiction. We affirm.
 
 
 2
 The Suits in Admiralty Act provides that "[t]he libellant shall forthwith serve a copy of his libel on the United States Attorney." 46 U.S.C. Sec. 742. This provision requires personal service on the appropriate United States Attorney, and is a prerequisite to the government's waiver of sovereign immunity, the failure of which deprives the district court of subject matter jurisdiction. Amella v. United States, 732 F.2d 711, 713-14 (9th Cir.1984).
 
 
 3
 O'Halloran did not effect personal service on the United States Attorney until 74 days after the filing of the complaint. Although O'Halloran filed his complaint before the running of the statute of limitations, personal service on the United States Attorney was not accomplished until after the statute of limitations had run. The district court held that O'Halloran did not comply with the forthwith service requirement, and that the district court therefore lacked subject matter jurisdiction. Because the statute of limitations had expired, O'Halloran was precluded from refiling his complaint.
 
 
 4
 O'Halloran concedes that he did not comply with the forthwith service requirement. He also concedes that the existing law of this circuit is that the forthwith service requirement is jurisdictional--a necessary precondition to the government's waiver of sovereign immunity. As he explains,
 
 
 5
 [t]he question before this court is not what "forthwith" service means or whether under the law of this circuit the "forthwith" service requirement of the Act has been interpreted as jurisdictional. Plaintiff acknowledges that pursuant to [this circuit's cases] "forthwith" service has been interpreted as personal service on the United States Attorney ... in something less than 58 days, and that failure to comply with said requirements deprives the district court of subject matter jurisdiction over the suit.
 
 
 6
 Nevertheless, O'Halloran argues that our prior cases failed to examine the congressional intent underlying the forthwith service requirement and merely presumed that it is jurisdictional. O'Halloran argues that we are thereby freed from the constraint of stare decisis and are free to reject our precedent. He then argues that we should follow the Third Circuit's opinion in Jones & Laughlin Steel v. Mon River Towing, 772 F.2d 62 (3d Cir.1985), and hold that the forthwith service requirement is merely procedural, and that it was effectively superseded by Federal Rule of Civil Procedure 4(j) (requiring service within 120 days of filing of complaint).
 
 
 7
 An examination of our cases shows that we have not merely presumed but have held that the forthwith service requirement is jurisdictional. Merely because our previous cases did not examine the congressional intent underlying section 742 does not permit us to overrule them. It is clear that absent intervening Supreme Court authority, "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel." United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992). This is true regardless of whether our prior decisions examined congressional intent. Indeed, it is true even if our prior cases appear patently erroneous. This court can overrule its prior cases only by sitting en banc. Because we are bound to follow our precedent which has clearly held that the forthwith service requirement is jurisdictional, we need not discuss the relative merits of the rule or attempt to discern congressional intent.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4