IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31097
Summary Calendar
_____


DIANE WILLIS,

Plaintiff-Appellant,

versus

INTEROCEAN MANAGEMENT; ET AL,

Defendants,

and

UNITED STATES OF AMERICA, represented
by the Secretary of Transportation, acting
through the Maritime Administrator

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-2701-E
_____

July 30, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges

PER CURIAM:[*]

        Diane Willis appeals from the dismissal of a complaint

filed under the Suits in Admiralty Act for lack of subject matter

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

jurisdiction. Willis contends that the doctrine of equitable tolling applies to toll the running of the applicable two-year statute of limitations period. We have reviewed the record and the parties' briefs and AFFIRM the district court's dismissal for essentially the same reasons set forth by the district court. Willis v. Interocean Management, No. 94-CV-2701-E (E.D. La. Oct. 31, 1995).

Further, the Supreme Court's recent decision in Henderson v. United States, ___ U.S. ___, 64 USLW 4362 (1996), which overturned this court's reading of the Suits in Admiralty Act requirement of "forthwith" service, United States v. Holmberg, 19 F.3d 1062 (5th Cir.), cert. denied, 115 S.Ct. 482 (1994), comes too late to help Ms. Willis. The issue in the instant appeal was not timeliness but equitable tolling, and Henderson does nothing to undermine the district court's denial of equitable tolling.

AFFIRMED